## Hill vs. Austin.

Under the plea of payment in assumpsit, evidence of a set-off, or of matter in recoupment is inadmissible.

To constitute a cross demand, or set-off, a *technical payment*, it is indispensable that there should be proved an *agreement* to that effect.

It is no abuse of discretion in the Circuit Court to refuse to continue a cause for the want of evidence, when the evidence, if produced, would be inadmissible under the issue.

*Appeal from the Circuit Court of Ouachita county.*

Hon. Abner A. Stith, Circuit Judge.

Cummins & Garland, for the appellant.

When there is a palpable abuse of discretion in the Circuit Court in overruling a motion for continuance, this Court will review the decision and correct it. *Eustis & Co. vs. Turner*, 3 *Eng.* 119; 5 *Geo.* 48.

Under the issue of payment or not, and a party moves to continue the case for the testimony of a person by whom he expects to prove he paid the other party more than the sum claimed in paying off certain debts, it shows materiality and relevancy, and he ought to have the benefit of it. *Owens use, etc. vs. Chandler*, 16 *Ark.* 651; 2 *Grcenlf. Ev.* 491, *sec.* 516; 1 *Saund. Pl. & Ev.* 618; 3 *Kelly* 214; 1 *Porter* 430.

Watkins & Gallagher, for the appellee.

The plea of failure of consideration was bad, because every thing in it might well be true, and yet the defendant may have

purchased the plaintiff's interest in the steam boat, with a knowledge of her debts and subject to them.

The application for continuance was properly overruled, because the facts alleged in the affidavit do not apply to or sustain the plea of payment.

Mr. Justice SCOTT delivered the opinion of the Court.

This was an action of assumpsit. Two pleas were interposed—payment, and a special plea which was probably designed by the pleader to set up a total failure of the consideration of the note sued upon. The latter plea was demurred out, and was so grossly defective in several particulars, that no assignment of error upon the ruling of the Court upon the demurrer, has been made in this Court, nor any point as to that ruling been made in the argument.

The case stood at the trial upon the single issue of fact taken to the plea of payment: and when the case came up for trial, the defendant below moved for a continuance, upon the ground that he expected to prove by an absent witness, who had been subpœnaed, and whose testimony he expected to get by the next term, that the note was given for the ⅛ interest of the plaintiff below in a steam boat in which he, the defendant below, owned the other seven-eights. That at the time of said purchase the boat was indebted more than its value. That since the purchase, the affiant has been forced to pay, of these debts against the boat, an amount of money, to prevent its sale by legal process, so great that the one eighth thereof, for which the plaintiff below would be liable to him, would be more than the amount of the note sued upon. The Court overruled the motion for a continuance, and the case having been regularly tried, judgment was rendered for the plaintiff below for the amount of the note, and the defendant appealed.

Clearly the Court below decided properly in overruling the motion for a continuance. No other error is specifically assigned, and no other point is made in the argument.

If the witness had been present, the proposed evidence would not have been admissible upon the issue to be tried. If the general issue had been in with notice of set-off, or a plea of set-off had been in, the proposed evidence would have been admissible—or if there had been a plea in, setting up matter for recoupment, the evidence offered, as far as it went, might have been admissible if other facts needful had been also othwise proven or offered to be proven. But under the state of the pleadings, as they appear in the record, the evidence offered could not have been allowed to be produced on the trial of the issue. To have made such cross demand, or set-off, *technical payment*, it was *indispensable* that there should have been also an *agreement* proven to that effect—one cannot pay his own debt simply by paying a debt due to some one else by his creditor, which was not embraced in his own undertaking, or which his creditor should not agree might be discounted *as payment*. 3 *Cow. & Hill's notes, top page* 656, *note* 356. *Whittington vs. Roberts,* 4 *Monroe R.* 173.

The judgment must be affirmed with 10 per cent. damages.