Quinn v. Sewell.

## QUINN V. SEWELL.

**1. PAYMENT:** *Not effected by cross-demand without agreement:· Instruction.*

The plaintiff's husband acted as her agent in selling certain notes, which the defendant bought, without any knowledge of the agency. After the notes were delivered to the plaintiff, he rendered to the husband the statement of an account, in which he charged himself with the purchase price of the notes, and took credit for an amount which he claimed the husband owed him. There was no agreement that this should be done, and when the statement, together with a sum sufficient to pay the balance, which it showed in favor of the husband, was sent to the latter, he denied the existence of the debt credited thereon, and refused to treat it as a payment on the price of the notes. On the trial of an action, brought by the plaintiff to recover the balance due on such price, after crediting the sum paid to her husband, the court instructed the jury that if they found from the evidence that "the defendant purchased the notes from the plaintiff's husband and paid the purchase money therefor, not knowing that he was acting as agent for the plaintiff, the defendant was not liable." *Held:* That the instruction was erroneous, as it was not applicable to the facts, and warranted the jury in concluding that the defendant's mode of stating the account, was, in effect, a payment.

**2. PLEADING AND PRACTICE:** *Set-off: Pleading indebtedness of agent.*

The defendant purchased certain notes from a person who, without his knowledge, acted in making the sale as the agent of the owner. In an action by the latter to recover a balance due on the purchase price of the notes, *Held:* That the defendant cannot base a defence upon the fact that when he made the purchase the agent was indebted to him, unless he pleads such indebtedness as a set-off, just as if the suit were in the name of the agent.

APPEAL from *Logan* Circuit Court.
·JOHN S. LITTLE, Judge.

STATEMENT.

This was an action to recover a balance due on the purchase of certain promissory notes. The defendant bought the notes from S. M. Quinn, and the terms of sale were proposed and accepted by letters. The evidence tended to show that S. M. Quinn acted as the agent of his wife in making the sale, but that this fact was unknown to the defendant. After the notes were sent to the defendant he stated an account between himself and S. M. Quinn, in which the latter was credited by the price

agreed to be given for the notes, and· was charged with
the amount of a judgment the defendant had ·recovered
against him previous to the agreement for the sale of·
the notes.   This statement showed a balance in favor of·
S, M. Quinn· of $226.50, for which the .defendant sent.
Quinn a money order, stating in the letter enclosing it
that he had taken the privilege of ·collecting the judg-
ment.   Quinn objected to the charge for the judgment,.
which, he stated had been paid, and insisted on a remit-
tance of the amount the defendant had retained.   To
recover that amount Mrs. Quinn brought this suit.   On
a trial by jury the verdict was for the defendant.  .The·
plaintiff moved for a new trial, which was refused, and.
she appealed.


C. A. Lewers, for appellant.


The husband acted merely as agent of his ·wife.
Mansf. Dig., sec. 4637.   The notes were the separate
property of the wife.   Const., art. 9, sec. 7; Mansf. Dig.,
sec. 4621; 36 Ark., 586; and not subject to husband's.
debts.   Const., Ib.; 41 Ark., 169.

Instruction 3, at the instance of appellee, was mis-
leading, and there was no evidence to support it.   26.
Ark., 513; 41 Id., 382.  In such case this court will re-
verse.   18 Ark., 384.


T. C. Humphrey, for appellee,


If appellant were the owner of the notes, and permit-·
ted her husband to hold himself out as the owner and
deal with them as his own, she would be bound by his.
acts; besides, her silence for more than a year would be·
a ratification.   She should have repudiated the sale en--

tirely, or accepted it as made by her husband.    42 *Ark.*, 97 ; *Story Agency*, (*4th Ed.*) *secs.* 250, 253 ; *Benjamin Sales*, *secs.* 696–9, 702.

The sale was complete when offer was made and accepted and the notes delivered or set apart, in this case mailed, to appellee. *Bateman Com.Law, sec.* 222 ; *Parson's Cont.*, (*5th Ed.*) *Vol.* 1, *p.* 475.

COCKRILL, C. J.    The judgment in this cause must be reversed. The court charged the jury that if they found from the evidence that " the defendant, Sewell, purchased the notes from S. M. Quinn, the plaintiff's husband, and paid the purchase money therefor, not knowing that he was acting as agent for the plaintiff, the defendant was not liable." This was a correct enunciation of the law, but it is not applicable to the facts of this case.

There was evidence tending to show that S. M. Quinn was indebted to Sewell when he bought the notes, and that the latter undertook to adjust the matter by stating an account in which he charged himself with the purchase price of the notes, and took credit for the amount which he claimed S. M. Quinn owed him. There was no agreement on the part of either of the Quinns that this should be done. No allusion was made to the Quinn indebtedness in the correspondence between the parties until Sewell had received the notes, in pursuance of the terms of the sale. Then he wrote S. M. Quinn about it for the first time, saying he had " taken the privilege of paying " himself what was due him by deducting the amount from the purchase money he had agreed to pay for the notes. At the same time he rendered a statement of the account as before stated, showing also some other items, which it is not material to mention in this connection, and enclosed a postoffice money order paya-

ble to the plaintiff for the balance struck. The money order was retained by the Quinns, but the husband replied to Sewell, without unusual delay, refusing to accede to his mode of payment, asserting that he had discharged the debt mentioned in Sewell's statement, and demanded the residue of the purchase price. This suit by Mrs. Quinn followed.

Now, there is nothing in the record that tends to prove more than a partial payment on the amount which Sewell agreed to pay; but that was credited, and the object of this suit was to recover the balance. Unless with Quinn's consent, Sewell could not extinguish any part of the demand against himself by applying Quinn's indebtedness to him as a credit on it. *Hill v. Austin*, 19 *Ark.*, 230. Our law unmoved does not operate to extinguish cross-demands, even when the indebtedness is undisputed.

1. PAY-MENT: Not effected by cross-demand without agreement: Instruction:

There was nothing, therefore, upon which to base the instruction about Sewell's payment of the demand. The jury, doubtless, understood from the charge that they were warranted in concluding that Sewell's mode of stating the account was, in effect, payment. But that conclusion cannot be justified.

If Sewell desired to base a defence upon the fact that S. M. Quinn was indebted to him at the time he made the purchase, he should have pleaded the indebtedness as a set-off. It is familiar law that when a principal entrusts the possession of his goods with an agent, and one deals with the agent as the principal, without knowledge of the agency, he may set off any claim he has against the agent before he is undeceived in answer to the demand of the principal. *Wharton Agency, secs* 405, 466; *Ewell's Evans Agency,* \*397 *et seq.;* 2 *Kent's Com.,*

2. PLEAD-ING AND PRACTICE: Set-off: Pleading indebtedness of agent.

632; *George v. Clagett, Smith's Leading Cases, vol.* 2, *P't* 1, *118 and notes; Read v. McIlroy,* 44 *Ark.,* 348.

The doctrine rests upon the ground that the principal who has permitted an agent to deal with his goods as his own must not only take the contract as the agent made it, but is virtually estopped from alleging that the agent, is not the real plaintiff in his (the principal's) suit. *Smith's Lead. Cases, sup., p.* 123. The set-off must be pleaded just as if the suit were in the name of the apparent owner at the time of the sale—that is, the agent. The question of the agent's indebtedness is then a fact for the jury to determine. But when it is proved, the purchaser cannot have the benefit of it against the principal if he knew, or by the use of due diligence might have known of the agency before he entered into the contract.

Now, if we should treat the allegations of the answer as amended to conform to the proof, and so regard it as pleading a set-off, the fatal error in the charge of withdrawing from the jury the consideration of the fact whether Quinn was indebted to Sewell would remain.

The error was not cured by any part of the charge. Remand the cause for a new trial.