## PARKER *v.* CARTER.

### Opinion delivered May 17, 1909.

1. CONTRACTS—SIGNATURE OF PARTY.—A contract, not required to be in writing, may be evidenced by writing signed by one party and accepted or adopted by the other party. (Page 167.)

2. LIMITATION OF ACTIONS—WRITTEN INSTRUMENT.—A deed signed by the grantor alone, when accepted by the grantee, becomes the mutual contract of the parties, and any promise of the grantee, therein provided for, is governed by the provisions of the statute of limitations respecting written instruments, and not the statute relating to verbal contracts. (Page 167.)

3.  COMPROMISE—DEBTS INCLUDED.—A contract which provided for a settlement of all debts due from one party to the other at the time it was entered into did not apply to any debt barred by limitation. (Page 167.)

4.  PAYMENT—CROSS DEMAND.—Before a cross demand can constitute a payment, it is indispensable that· an agreement to that effect shall be proved. (Page 168.)

5.  LIMITATION OF ACTIONS—RECOVERY OF ATTORNEY'S FEE.—The period of limitation to a suit to recover an attorney's fees is three years from the time the fee is payable. (Page 168.)

6.  SAME—ACKNOWLEDGMENT OF DEBT.—In order that a written acknowledgment shall be sufficient to remove the bar of the statute, it must import an unqualified acknowledgment of the debt as one that is due and binding. (Page 170.)

7.  REFORMATION OF INSTRUMENT—MISTAKE.—To entitle a party to reform a written instrument upon the ground of mistake, it must be shown beyond reasonable controversy that the mistake was mutual. (Page 171.)

Appeal from Monroe Chancery Court; *John M. Elliott,* Chancellor; affirmed.

*C. E. Pettit* and *Ratcliffe, Fletcher & Ratcliffe,* for appellant.

Where two written instruments, constituting one transaction, are executed and delivered at the same time, they will be construed as one instrument. 34 Am. Dec. 684; 47 *Id.* 335. Where a contract is prepared in writing, assented to · and acted upon by both parties, though signed by only one of them, the other will not afterwards be permitted to deny the binding force of the contract. 104 Cal. 310; 42 Cal. 245; 30 Fed. 225; 77 Wis. 33; 125 Ind. 19; 24 N. E. 756; 130 Ill. App. 131; 129 Ill. 101. A suit could have been based on the deed alone, and the five-year statute of limitations would apply. 84 Miss. 509; 101 Mich. 409; 30 Ark. 872; 78 Ky. 475. When one has five years in which to bring a suit, four years' delay is not laches. 75 Ark. 382. An acknowledgment of the payment of the purchase money in a deed may be contradicted by parol; and if proved not to have been paid it is a promise in writing to pay it, and the statute of limitations applicable to written instruments applies. 84 Miss. 509; 77 Miss. 872; 73 Miss. 665. The writing does not have to be signed, if it shows the debtor agreed to settle. 74 Cal. 60; 4 Houst. 14. A promise to settle at a future day will remove the statute bar. 30

Miss. 40. "I will settle in a few days" removes the bar. 18 N. C. 18; 32 N. C. 86. That he would settle and make all right removes the bar. 49 N. C. 510. Promise to settle a note is equivalent to a promise to pay it. 8 Wend. 600. A simple promise to settle is sufficient. 38 Vt. 159; 16 Vt. 297; 15 Vt. 560; 13 Vt. 574. Although a debtor denies the indebtedness, yet if he agrees to settle it if established, and the indebtedness is proved, the bar is removed. 18 Vt. 485.

*C. F. Greenlee,* for appellee.

To take a case out of the operation of the statute, there must be an acknowledgment of the debt as due at the time, and a promise to pay it. Such acknowledgment and promise must be unqualified and unconditional. 10 Ark. 134; 12 Ark. 595; 11 Ark. 666. If there be any condition attached to the promise, it will not remove the bar. 52 Ark. 456; 12 Ark. 762; 26 Ark. 540; 20 Ark. 293.

FRAUENTHAL, J. The plaintiff, H. A. Parker, instituted this suit against the defendant, H. A. Carter, on October 28, 1903, in the Monroe Circuit Court, alleging that the defendant was indebted to him in the sum of $887.87 upon a promissory note, and also alleging that there was a long account existing between the parties, but giving no items and filing no statement of any account. He asked for judgment for $887.87.

The defendant filed an answer, in which he denied the execution of any note, and denied that he was indebted to plaintiff on any note or on any account, and pleaded the statute of limitations against any such alleged indebtedness. He also alleged that plaintiff had on February 21, 1889, executed to him a note for $400, upon which there was a balance unpaid of $44.21.

Thereafter the plaintiff filed an amended complaint, in which he alleged that defendant was indebted to him for various items of attorney's fees, beginning in 1882 and extending to 1894; and also alleged that on February 14, 1898, he sold to defendant certain real estate in Brinkley, Arkansas, for the sum of $2,000, which was paid in the following manner: defendant conveyed to certain parties for plaintiff's benefit some lots in Brinkley, and of the balance he paid $550 by check, and the remainder of $565.00 was to be paid in the manner set out in a writing which

was signed by plaintiff at the time of the execution of the deed by him and is as follows:

"This memoranda made and entered into this the 14th day of February, 1898, by and between H. A. Carter on one part and H. A. Parker of the other, as follows: Said Parker has this day sold the J. M. Folkes property to H. A. Carter for a certain sum in money and property. Now, H. A. Carter this day pays H. A. Parker $550.00 in cash, and owes said Parker a balance of $565.00, which is to be paid at the end of the year; and note is to be given when Parker and Carter settle up their other matters. H. A. Parker is to execute deed to Carter. This agreement is signed in duplicate.

"H. A. Parker."

This instrument is the writing upon which plaintiff instituted this suit. He alleged that this instrument was executed in duplicate, one being retained by him and the other by defendant. Plaintiff in the amended complaint also asked for an accounting between the parties. Upon the motion of the plaintiff the cause was transferred to the chancery court. The defendant denied every material allegation of the amended complaint, and pleaded the statute of limitations against each item of said alleged indebtedness.

The cause was tried by the chancery court upon the pleadings and depositions filed in the case; and that court found that, if plaintiff, who is an attorney at law, ever had a cause of action for the matters set out in the complaint and amended complaint, it was barred by limitation, and thereupon dismissed the same. And from that decree the plaintiff prosecutes this appeal.

It appears from the testimony that the defendant employed the plaintiff to attend to a number of suits and matters involved in litigation from time to time extending from 1882 or 1883 to 1893 or 1894. The plaintiff claims that for his services in attending to a great number of these suits the defendant had not paid him. The defendant testified that he had paid plaintiff for all his services as such attorney in all these matters. A great deal of testimony was taken relative to these items; but, however the preponderance of the testimony may be as to the respective contentions of the parties, it appears that the claims of plaintiff were separate and independent items of charges for these different ser-

vices, and that there was no running mutual account between the parties; and the last item of charge for said service was in 1894. On February 21, 1889, plaintiff borrowed from defendant $400, and on that day executed his note to defendant for that sum due December 1, 1889, with ten per cent. interest per annum from date till paid. On July 13, 1893, by agreement of both parties and at the direction of plaintiff, a credit of $150 was indorsed upon the note in payment of attorney fees of the plaintiff.

Upon February 14, 1898, the plaintiff sold to defendant certain real estate in Brinkley, Arkansas, and on that day executed to him a deed, the descriptive part of which is as follows:

"Know all men by these presents: That we, H. A Parker and May B. Parker, his wife, for and in consideration of the sum of two thousand dollars ($2,000) to us in hand paid by H. A. Carter, Sr., of which amount the sum of $1,295 is paid in hand, and the residue is paid in property, to-wit: Two houses and one lot in the town of Brinkley, which houses and lot are deeded to one L. J. Folkes on this date." And at the same time the plaintiff drafted the writing set out above in said amended complaint in duplicate and signed the same. He testified that it was understood that defendant should also sign the said writing in duplicate, but by oversight he did not do so. The defendant denies that it was agreed or understood that he was to sign the writing. But it is undisputed that plaintiff delivered to defendant one of these written instruments duly signed by plaintiff, and that defendant accepted and took same and retained it from that day to the trial.

The plaintiff contends that this was the written evidence of the agreement between the parties, and, being accepted and acted on by the defendant, was a written contract binding upon him, although it was not actually signed by him; that his account for fees was sufficient to pay off the note executed by him to defendant, and that the defendant owes the amount represented by this writing. And it is upon this written instrument that the cause of action of the plaintiff is founded.

The defendant testified that he purchased the real estate from the plaintiff for which he gave him the check for $550, and conveyed certain property for his benefit, and that the balance of $565

was to go in payment of the note which he held against plaintiff.

The preponderance of the testimony establishes that the above writing, signed by plaintiff in duplicate, was executed at the time of the execution of the deed, and that one of these written instruments was accepted by the defendant and retained by him, and that it was understood at the time by the parties that it was the written evidence of their agreement. The contract of the sale of the land was executed, and not executory, and was thus performed by the defendant taking possession of the land under the deed; and this writing was but the evidence of the manner of the payment of the consideration. It thereby became a contract between the parties founded upon a writing, though signed by only one of the parties. As is said in 1 Page on Contract, § 50: "A written contract by one party may be accepted by the other party assenting to it and acting upon it, even if he does not sign it."

A written contract, not required to be in writing, is valid if one of the parties signs it and the other acquiesces therein. The contract or agreement is thus evidenced by the writing, and where the party accepts and adopts the writing as the evidence of the contract he becomes bound by its terms. And in a great many jurisdictions it is held that a deed poll, when accepted by the grantee, becomes the mutual contract of the parties, and the promise of the grantee, therein provided for, is not a verbal one, so as to be governed by the statute of limitation respecting verbal contracts; but that the acceptance of the deed by the grantee makes it a written contract, and the obligations created by it are evidenced by a writing and governed by the provisions of the statute of limitation respecting written instruments. *Washington* v. *Soria,* 73 Miss. 665; *Fowlkes* v. *Lea,* 84 Miss. 509; *Elliott* v. *Saufley,* 89 Ky. 52; *Midland Ry. Co.* v. *Fisher,* 125 Ind. 19; *Bowen* v. *Beck,* 94 N. Y. 86; *Goodwin* v. *Gilbert,* 9 Mass. 510; *Schumacker* v. *Sibert,* 18 Kan. 104; *Huff* v. *Nickerson,* 27 Me. 106.

The above writing, although signed alone by plaintiff, was intended by the parties as an evidence of the agreement therein set out, and was accepted as such and acted on by the defendant. It was therefore an instrument in writing governed by the pro-

visions of the statute of limitations respecting written contracts. And any obligation assumed by defendant as shown by said writing was not barred at the time of the institution of this suit. But by the terms of the contract thus entered into by the parties on February 14, 1898, it was provided that there should be a settlement of the indebtedness due at that time by the parties, one to the other; but that settlement, under the agreement, could apply and actually did apply only to such indebtedness as was at that time legally enforceable and existing, and did not and could not apply to any debt at that time not enforceable because barred by limitation.

The plaintiff claims that he had performed services for the defendant as his attorney in the prosecution and defense of numerous suits and proceedings, amounting in the aggregate to a sum exceeding the amount that was due at that time with interest upon the note given by him to defendant in 1889. But the preponderance of the testimony does not tend to prove that any of these items of charges for fees, except the gross item of $150 of date July 13, 1893, was to go as a payment on said note or that the defendant made any agreement of that kind. So that the charges in favor of plaintiff against defendant for fees constituted an independent account, which could only be used as a set-off and not as a payment. Before there can be a payment on an indebtedness, it is not only essential that there should be a delivery of the property by the debtor thereon, but there must also be an acceptance thereof by the creditor. 30 Cyc. 1180. Before a cross demand or set-off can constitute a payment, it is indispensable that an agreement to that effect shall be proved. *Hill* v. *Austin,* 19 Ark. 230; *Quinn* v. *Sewell,* 50 Ark. 380.

In this case the evidence does not prove that there was an agreement between the parties that these fees should go as a payment or as payments on said $400 note. The last item of these fees was charged and was therefore payable in 1894; and each item became barred after three years. Therefore on February 21, 1898, each of these items of fees claimed by plaintiff was barred by the statute of limitation. *Higgs* v. *Warner,* 14 Ark. 192; *McNeil* v. *Garland,* 27 Ark. 343; 25 Cyc. 1081.

The note for $400 which was executed by plaintiff to defendant on February 21, 1889, was not barred on February 14,

1898, for the reason that by the agreement of both parties a payment of $150 was made thereon by plaintiff on July 13, 1893. That was the only payment made on the note; and, as it bore ten per cent. interest per annum from date until paid, there was more than $565 unpaid thereon on February 14, 1898; and therefore it fully paid and extinguished the amount named in the said writing of February 14, 1898, as due to plaintiff.

It is contended that the following letter written by defendant to plaintiff was a sufficient written acknowledgment to make a new point from which the statute of limitation should run as to all the claims of plaintiff for said attorney's fees:

"Brinkley, Ark., April the 3d, 1900.
"H. A. Parker, Clarendon, Ark.

"Dear Sir: Your favor containing statement from you as regards our settlement, with statement as it were from beginning to end of the whole matter, as you suppose. I would say to you to come up and see me, and let us settle like gentlemen, as you know I have always tried to treat you right. I hold your statement and our settlement of July 23, 1893, which stands as a cr. on your note of borrowed money from me. And then I hold protested check for $100 on Bank of Helena, Ark., dated March the 15, 1894, which I at that date give your note cr. for, and on the 18th of March I received notice of your check to me being protested, and I notified you either on the 18th or 19th that the check was protested. It was on the 20th. I have looked it up. Now, I would say, if you will come up, you and I will try and see what we can do. You stated some rather sarcastic things in your letter and assertions, but I have a few things to say as regards the whole matter, and it would in my opinion be better for us to meet and try and settle like gentlemen, as we have had dealings a long time. So let us meet and settle. I would have answered or rather written you sooner, but was in Memphis when it came, and I have been sick; hardly able to be up now. So let me hear from you as regards the matters, and oblige.

"Yours &c.

"Would say it was understood that we were to settle the matter between us when I bought the Fowlkes property of you.

"Yours &c.

"H. A. Carter."

It is contended that because in this letter there appears a written agreement "to settle" this is sufficient to remove the statute bar. But this language in the letter is not equivalent to an agreement to pay. It is not a recognition of the debt claimed; it is an offer to adjust matters; and the tenor of the letter clearly shows that it is rather a denial of any indebtedness. In order that a written acknowledgment shall be sufficient to remove the bar of the statute, it must import an unqualified acknowledgment of the debt as one that is due and binding. *Beebe* v. *Block,* 12 Ark. 134; *Smith* v. *Talbot,* 11 Ark. 666; *Harlan* v. *Bernie,* 22 Ark. 217.

It is contended by plaintiff that there was a mistake made in the amount of the balance as named in the above writing sued on, and that instead of $515 it should have been $745. He claims that the total amount of the consideration in said deed from him to defendant was $2,000; that part thereof was paid by property, leaving $1,295 as set out in said deed; that of this balance $550 was paid by check, and thus left a remainder of $745, instead of $565.

But the defendant testified that the value placed on the property which defendant conveyed, together with the $550 check, left the balance of $565, and that there was no mistake in this amount. Nowhere in the testimony does it appear clearly what value was placed on the property conveyed by defendant. When the plaintiff instituted this suit on the above writing, he only claimed that it was for $565; and nowhere in his pleadings does he set out that there was a mistake made in this amount; and he does not ask for a reformation of the written instrument in this particular.

When the plaintiff first gave his testimony in the case, he testified that the amount of $565 as set out in this writing was correct, and it was only on being recalled, and ten years after the date of the execution of this instrument, that he for the first time claimed that there was a mistake made therein. If, under the pleadings in this case, it could be held that this written instrument could be reformed, we do not think that the proof is clear and decisive that a mutual mistake was made by both parties in the amount of this balance. If a mistake was made, it may have been in the amount of $1,295 named in the deed.

To entitle a party to reform a written instrument upon the ground of mistake, it must be clearly shown that the mistake was common to both parties, and that the instrument does not express the agreement as understood by either; and such mistake must appear beyond reasonable controversy. *McGuigan* v. *Gaines,* 71 Ark. 614; *Goerke* v. *Rodgers,* 75 Ark. 72; *Arkansas Fire Ins. Co.* v. *Witham,* 82 Ark. 226; *Varner* v. *Turner,* 83 Ark. 131; *Cherry* v. *Brizzolara,* 89 Ark. 309.

We have carefully examined the testimony in the case, and we are of the opinion that all the indebtedness claimed by the plaintiff against the defendant, and which is not set out in the written instrument dated February 14, 1898, was barred by the statute of limitation before the 14th day of February, 1898, and that this statute bar has not been removed; and that all indebtedness claimed by the plaintiff against the defendant under and by virtue of said written instrument was paid and extinguished by indebtedness due by the plaintiff to the defendant on said note.

It follows therefore that the decree of the chancellor in dismissing the complaint and cross-complaint was correct. The decree is affirmed.