GRUBBS v. NIXON.

Opinion delivered December 20, 1909.

LIMITATION OF ACTIONS—WAIVER OF DEFENSE.—A mutual agreement between two parties that cross demands shall extinguish each other is valid and binding, even though one of them is barred by the statute of limitations, as the defense of the statute may be waived.

Appeal from Jackson Circuit Court; *Charles Coffin*, Judge; reversed.

*Joseph W. Phillips* and *Joseph M. Stayton*, for appellant.

Where there is a conflict in the evidence, the case should be submitted to the jury. 71 Ark. 305; 84 Ark. 57; *Crawford v. Sawyer & Austin Lbr. Co.*, 91 Ark. 337.

*S. M. Stuckey*, for appellee.

There being no evidence before the jury as to a counterclaim, the court rightfully instructed a verdict for plaintiff. 57 Ark. 461; 39 Ark. 419; 52 Ark. 347; 51 Ark. 140; 47 Ark. 567.

HART, J. On the 1st day of July, 1908, Jane Nixon brought suit before a justice of the peace against John M. Grubbs for $89.90 for merchandise alleged to have been sold to him during the years 1906 and 1907. Before the day of trial John M. Grubbs departed this life, and the suit was revived against J. W. Grubbs

as executor under the will of said John M. Grubbs, deceased, and he entered his appearance to the suit.

The justice of the peace rendered judgment in favor of the plaintiff for $75.55. The case was appealed to the circuit court.

On a trial *de novo* in the circuit court, the plaintiff, Jane Nixon, introduced R. W. Anderson, who testified substantially as follows: That he was manager of the mercantile business of Jane Nixon. That John M. Grubbs had traded with them for several years, and had paid his account promptly until the year 1906 and 1907. That he owes $75.55, the last item of which was purchased on November 8, 1907.

The defendant introduced J. W. Grubbs, who testified substantially as follows: That Jane Nixon, through her agent R. W. Anderson, had purchased a bill of goods from the Newport Grocery Company, the last item of which was dated April 1, 1899, and that the account was transferred to John M. Grubbs in February, 1902. That he was present with his brother John M. Grubbs, now deceased, when R. W. Anderson, general manager of the mercantile business of Jane Nixon, demanded payment of the account his brother owed her. That his brother told Anderson that he had purchased the account for $114.66 which Jane Nixon owed the Newport Grocery Company. That Anderson admitted that the account was just, and said that he bought the goods embraced in it for her. That it was expressly understood and agreed between John M. Grubbs and R. W. Anderson, for Jane Nixon, that the amount of her account against Grubbs should be credited on the $114.66 account which Grubbs held against her. That, pursuant to the agreement, John M. Grubbs gave to Anderson a receipt for $75.55, the amount of Jane Nixon's account against him, and entered that amount as a credit on the $114.66 claim held by him against her. That Anderson promised to mark paid the account of Jane Nixon against John M. Grubbs.

R. W. Anderson, for the plaintiff, denied that the conversation and agreement as testified to by J. W. Grubbs was had between him and John M. Grubbs.

The court directed a verdict for the plaintiff, and the defendant has appealed to this court.

The court erred in directing a verdict for the plaintiff. The

testimony of J. W. Grubbs presented an issue of fact which should have been submitted to the jury. John M. Grubbs purchased an account of $114.66 against Jane Nixon, and thus had a debt against her. He was indebted to her in a smaller sum, viz., $75.55. They met and agreed that the claim of Jane Nixon should be discharged by appropriating what was due from Grubbs to her to what she owed him.

If the testimony of J. W. Grubbs to this effect was true, it constituted an executed and not an executory contract. It was a present mutual contract which at once extinguished one debt and reduced the other. This principle of the law was recognized in the cases of *Quinn* v. *Sewell,* 50 Ark. 380, and *Hill* v. *Austin,* 19 Ark. 230. The application of the rule was denied in those cases because there was no agreement that the cross demands should extinguish each other. That the statute of limitations might have been successfully pleaded against the claim of Grubbs did not make the alleged agreement one without consideration, for the statute bar does not operate of itself; and the alleged agreement constituted a waiver of it. R. W. Anderson was the manager of the mercantile business of Jane Nixon, and as such had authority to act for her in the premises.

The view of the law we have expressed necessarily leads to the conclusion that the court erred in directing a verdict for the plaintiff; and for that error the judgment must be reversed, and the cause remanded for a new trial.