### Margaret Ann MACK and Blanche
### L. CLUCK *v.* Charles Donald
### CLUCK et ux

77-41                                            554 S.W. 2d 325

Opinion delivered July 5, 1977
(In Banc)
[Rehearing denied September 12, 1977.]

*Lee Ward,* for appellants.

*Gus R. Camp,* for appellees.

DARRELL HICKMAN, Justice. This case started out as a mortgage foreclosure and ended up as an accounting between a widow and heirs.

The widow, Blanche L. Cluck, and her daughter, Margaret Ann Mack, the appellants, bring this appeal from a decision of the Clay Chancery Court. The appellees, Charles Donald Cluck, a son of Blanche, and his wife, were allowed in the lower court to require an accounting of the appellants for farm rent over a period of five years which resulted in a decision favorable to the appellees.

The appellants allege two errors: a previous trial barred the trial court from ordering and having an accounting of

farm rent and expenses; and, the trial court erred in approving the accounting.

This is a family dispute arising from the operation of a family farm. The family, consisting of the widow and the heirs of W. A. Cluck, apparently had an agreement that a portion of the family farm would be used for the support and maintenance of the widow. Some of the land was owned individually and some of it was jointly owned by the heirs, subject to a dower right. For a while it was agreed that the appellee, Charles Cluck, would farm the land and see that his mother was taken care of, but a dispute between the parties resulted in a partition lawsuit in the Chancery Court of Clay County in 1971. Charles Cluck and his brother, who is not a party to this lawsuit, filed a lawsuit to partition the W. A. Cluck estate land. The partition request was denied. However, the chancellor allowed the appellants judgments against Charles Cluck in connection with the family agreement. After the 1971 lawsuit, the appellants managed the land by leasing it.

This lawsuit came about because the mortgage on the estate land was not being paid and the mortgage company threatened foreclosure. The appellants claim the appellees were not paying their fair share toward retirement of the mortgage debt. Margaret Mack paid off the mortgage, got an assignment of the note and mortgage and filed a lawsuit with her mother to foreclose the mortgage. The appellees were named as parties and they were asked to pay a pro rata share of the mortgage indebtedness. In addition, the appellants asked that their previous judgments be paid from the proceeds of the foreclosure sale. The appellees counterclaimed stating that an accounting should be made for the rent from the farm land for the five years that the appellants had control of it. Such an accounting would, the appellees claimed, reduce their liability to the appellants. The court allowed the accounting, signed a detailed order, which included all of the income, expenses and the rights of the heirs and widow for the five year period to the farm income, with a net result that the appellees owed the appellants only $505.91, plus the judgments which were already entered.

We cannot say from the abstract of the record that the previous partition suit is *res judicata* as to an accounting between these parties. We do not know exactly what the family agreement was, nor can we say from the meager abstract provided by the appellants, that the burden has been met to prove *res judicata* between the parties on this issue. The only evidence of the other lawsuit in the abstract is a copy of the first paragraph of the 1971 decree of the Clay County Chancery Court.

Although the entire record of that previous proceeding was introduced, it was not abstracted and the appellees' argument that this is a violation of Rule 9 (e) of this court has merit. Therefore, we will affirm as to the first issue on *res judicata* because of an inadequate abstract of the record.

Necessarily this means that any objection to the right to an accounting ordered and approved by the court has no merit. That leaves only the question of the findings regarding the accounting. The appellants also did not abstract the detailed accounting ordered and approved by the court but the appellees supplied this deficiency. It is set forth verbatim in the appellees' brief. We find one obvious error in the accounting. We cannot find substantial evidence to support the finding by the court there were 1,000 bushels of beans worth $6,000 held over from 1975. The only reference to 1,000 bushels was by a tenant who estimated the amount of beans to be "about 1,000 bushels". One of the appellants testified that there were 800 bushels of beans. The only evidence of the market value of the beans was $4.60 per bushel. Therefore, the value of these beans would not be $6,000, as reflected in the accounting and finding by the court, but rather a value of $3,680.00.

The other findings in the accounting are supported by sufficient evidence. We cannot say from the record the chancellor's findings were against the preponderance of the evidence.

This matter will be remanded only for the chancellor to make the correction regarding the value of the beans and to enter judgment accordingly. In other respects, the decision of

the lower court is affirmed.

Modified and remanded.

Harris, C.J., and George Rose Smith and Fogleman, JJ., dissent.

John A. Fogleman, Justice, dissenting. I respectfully dissent because I do not agree that this is a proper case for affirmance under Rule 9 (e). It is true that appellant did not set out the decree relied upon to establish res judicata, or the pleadings in the case in which that decree was rendered, in the portion of the brief devoted to abstract or abridgment of the record. The essential portion of the decree was reproduced in that part of the brief following the title, "Argument." It is a complete statement of Finding No. 1 in the previous decree. That finding reads:

> "1. Plaintiffs began this suit for the purpose of partitioning certain lands described in their complaint on the grounds that they are lawful heirs of W. A. Cluck, deceased, and are entitled to have their shares of his estate set over to them. Based not only upon defendants' Request for Admission No. 1, of which there was no timely denial by the plaintiffs, but also in consideration of all the evidence presented on behalf of the plaintiffs, the court finds that shortly after the death of the late W. A. Cluck, his widow and children, being all of the parties to this litigation, entered into a family agreement by which all of the Cluck family lands, including all land described in the complaint herein, would be used for the support, maintenance, and enjoyment of Mrs. Blanche L. Cluck, widow of the late W. A. Cluck. In view of that family agreement, there can be no partition of the Cluck family lands during the life of said widow."

Appellant also states, with appropriate transcript reference, that the court decreed that the complaint for partition of certain lands described herein should be and was thereby dismissed for want of equity.

The sole and only reason given by the chancellor in this

case for denying the defense of res judicata was that there was a deed dated July 8, 1970 by which appellant Mack acquired the interest of her mother in the lands and that if the court (presided over by another chancellor) had been aware of this deed, he would not have made this decision. This was an unwarranted and speculative assumption on the part of the chancellor. It is clear that the deed was on record at the time the prior decree was entered. It is also true that appellant did not abstract this deed, but appellee elected to supply that deficiency by reproducing the deed in full. The consideration for that deed is stated as follows:

> . . . . . for and in consideration of the sum of One Dollar ($1.00), to me paid by Margaret Ann Mack, receipt of which is hereby acknowledged, and in further consideration of the promise and covenant of the said Margaret Ann Mack to see that I am well taken care of and provided for in every reasonable way during the remainder of my natural life, do hereby grant, bargain, sell, and convey unto the said MARGARET ANN MACK and unto her heirs and assigns forever . . . . .

The terms of this deed were in no wise inconsistent with the earlier decree. The finding that appellee was not entitled to a partition of the lands was conclusive on the issue here presented. If he was not entitled to a partition for the reasons stated in the prior finding, he was not entitled to an accounting for rents during the lifetime of his mother. This may not technically be res judicata, but it certainly constituted a collateral estoppel.

I cannot join in the highly technical application of Rule 9 in this case. To say the very least, this is a case in which the court should find that the action taken is unduly harsh; and appellant's attorney should be allowed to reprint his brief, at his own expense, to conform to Rule 9 (d).

I am authorized to state that the Chief Justice and GEORGE ROSE SMITH, J., join in this opinion.