Charles D. CLUCK et ux, et al *v.*
Margaret Ann MACK, Frank FAULK,
and Blanche CLUCK

78-189                                    576 S.W. 2d 930

Opinion delivered January 15, 1979
(Division II)
[Rehearing denied March 12, 1979.]

*Gus R. Camp,* for appellants.

*Lee Ward,* for appellees.

DARRELL HICKMAN, Justice. This is the third lawsuit involving the widow and heirs of W. A. Cluck and relates, as all the cases do in the main, to the property they received on his death.

The first case was not appealed. It was a partition suit decided by the Chancery Court of Clay County with the Honorable Terry Shell as Chancellor. The widow and all the heirs of W. A. Cluck were parties to that lawsuit. Partition was denied, the chancellor finding that a family agreement was entered into giving the widow, Blanche Cluck, a lifetime homestead right in the land. She resisted partition.

A second lawsuit was filed and decided in 1976 by the same court but a different chancellor, the Honorable Gene Bradley. This suit started out as a mortgage foreclosure and ended up as an accounting. The parties in this case were Blanche, the widow, a daughter, Margaret, and a son, Donald, and his wife.

In this second case, ownership of the land was raised as an issue. It developed that Blanche had deeded her interest in the property to her daughter, Margaret, before the 1971 decree with a stipulation Margaret would see that her mother, Blanche, was taken care of for the rest of her natural life. Chancellor Gene Bradley held that he was not bound by the findings of the chancery court in 1971, commenting that he did not feel the chancellor was aware of the existence of the deed at the time the decision was made in 1971.

In the decree in this second case, the chancellor found that because of the deed, the widow, Blanche, no longer had any interest in the land in question. The land in question in this suit was land Donald Cluck owned an interest in or farmed on behalf of the other heirs. Mostly, however, the case was an accounting between Donald, who farmed the land for several heirs, and the widow and the daughter, Margaret.

This case was appealed and our decision was reported as *Mack & Cluck* v. *Cluck,* 262 Ark. 12, 554 S.W. 2d 325 (1977). We decided the accounting issue but did not rule on the issue

of the land ownership because of a violation of Rule 9 of the Rules of the Arkansas Supreme Court.

The third lawsuit, which is before us on appeal, was filed by Donald Cluck and his brother, Neil, and their wives, against their sister, Margaret, and a tenant who was farming the land. This action was a partition action and essentially involves the same land as that in the first lawsuit and the same interested parties. (Apparently some of the heirs sold their interest in the land to the two brothers in the interim.)

The widow, Blanche, asked to intervene in this lawsuit and that request was approved by the chancellor. Blanche claimed an interest in the land, the same interest that had been adjudicated in 1971; that is, a lifetime homestead interest in the property. She resisted partition.

The two brothers, Donald and Neil, appellants herein, argue that Blanche could no longer have an interest in the land by virtue of the trial court's decision in 1976; a specific finding was made that she no longer had an interest in the land by virtue of the fact she had signed a deed giving her daughter, Margaret, her interest in the land.

The appellees argue that the 1971 decision declaring Blanche to have an interest in the property is the binding decree on the trial court and is *res judicata* as to ownership.

The case was submitted to the chancellor on stipulations and the chancellor decided that partition would be denied. He agreed that the 1971 decision was binding and that Blanche, in fact, did have an interest in the land. Partition was denied because it was found Blanche was the life tenant, entitled to possession of the land and exclusive authority to rent it during her lifetime.

The chancellor, after hearing arguments, stated that while he did not think he erred in 1976, he thought he made the wrong decision. He explained it as follows:

> . . . At that time, when the court made the finding in [1976 case] that Blanche Cluck had no rights in the land, that was for the purpose of determining whether or

not Charles Donald Cluck had any interest in the land, that is, the revenue from the crops on the land. That was the purpose of that, and the court found that he did have an interest in the crop that came off the land. . . .

We find no error in the chancellor's decision in this case. The 1971 decision involving all of the parties who had an interest in the land, tried on the issue of partition, is binding on the parties in this case.

The parties are the same, the issue is the same and the chancellor in the 1971 case unequivocally declared that Blanche had a lifetime homestead interest in the land and denied partition because she resisted it.

The parties were not exactly the same in the first and second lawsuits and no doubt the chancellor was making a finding in the second suit relative to a complex accounting of farm rents and debts and the claims the parties had to such rents or responsibilities they had for such debts.

The appellants raise another issue but concede that if we decide the case as we have, it is a moot question. Therefore, we will not address it.

Affirmed.

We agree. HARRIS, C.J., and FOGLEMAN and HOLT, JJ.