Blanche CLUCK et al *v.* Michael Allen MACK, Administrator, et al

82-247                                    647 S.W.2d 442

Supreme Court of Arkansas
Opinion delivered March 7, 1983
[Rehearing denied April 4, 1983.]

*Gus R. Camp,* for appellants.

*Cathey, Goodwin, Hamilton & Moore,* by: *Harry Truman Moore,* for appellees.

GEORGE ROSE SMITH, Justice. W. A. Cluck died intestate in 1960, survived by his widow, Blanche Cluck, and by four daughters and two sons. The decedent's property has been

the subject of at least four family lawsuits, two of which have previously reached this court. *Mack* v. *Cluck*, 262 Ark. 12, 554 S.W.2d 325 (1977); *Cluck* v. *Mack*, 264 Ark. 842, 576 S.W.2d 930 (1979). There was also litigation about an insurance policy. *Cluck* v. *Mack*, 253 Ark. 769, 489 S.W.2d 8 (1973).

The present suit was brought in 1981 by the widow and three of the daughters to cancel four 1970 deeds by which they had conveyed certain property to the fourth daughter, Margaret Ann Mack, in return for the grantee's promise to take care of the widow for the rest of her life. The grantee was killed in 1980. The four plaintiffs then brought this suit against the estate of the deceased daughter, Margaret Ann Mack, asserting principally that Margaret Ann had been guilty of fraud and forgery in obtaining the deeds, that she had never performed her promise to support her mother, and that she had failed to account for the rents collected upon the farm property conveyed by the four deeds. The chancellor refused to cancel the deeds, but did award the widow a judgment for $44,177.95 for rentals due the widow during the five years preceding the institution of the suit. An appeal and cross appeal bring certain aspects of the case up for review. The Court of Appeals transferred the case under Rule 29 (1) (p).

The issues hinge essentially upon questions of fact, most of which turn upon the credibility of the witnesses. A prolonged discussion would be of no real value as a precedent. Consequently we comment only very briefly upon the various contentions urged by the parties to the appeal.

The chancellor's finding that Margaret Ann did not forge the signature of her sister Doris Swang to one of the deeds is amply supported by the convincing testimony of a handwriting expert, Linton Godown, who testified that the signature was genuine. Blanche Cluck testified that she did not sign a comparatively unimportant deed apparently executed by her in 1975, conveying 1.05 acres to Margaret Ann, but the chancellor evidently did not accept her unsupported testimony, given years later. Moreover, the

chancellor had signatures available to him for comparison, but those exhibits have not been reproduced for our examination, as might have been done under Rule 9 (d).

We are not persuaded by the appellants' argument that Margaret Ann defrauded her mother and sister by procuring their signatures with no intention of supporting Mrs. Cluck. Shortly before the sisters' deeds were executed in 1970, Margaret Ann's attorney wrote a letter to them saying that if any of the other three daughters would take over the farm and the personal day-to-day care of Mrs. Cluck for the rest of her life, Margaret Ann would gladly deed her interest in the property to the daughter assuming the responsibility. That offer was not accepted by any of the others, who instead executed deeds to Margaret Ann. She did assume the responsibility for looking after her mother and did so until her own death about ten years later. The chancellor evidently did not give credence to Mrs. Cluck's complaints, after Margaret Ann's death, about her mistreatment. We think it significant that in 1976, while Margaret Ann was living, Mrs. Cluck testified in an earlier case that Margaret Ann had looked after her continuously and that she herself could think of nothing Margaret Ann should be doing that she had not done since the deeds were executed. Quite obviously the chancellor did not accept Mrs. Cluck's testimony that for ten years she was so afraid of Margaret Ann that she dared not complain of mistreatment.

In the circumstances of this case Margaret Ann's death is not in itself a basis for canceling the four deeds. In the first place, in 1971 the chancellor found in an earlier case that Blanche Cluck was in effect a life tenant of the property, entitling her to possession and to the exclusive authority to rent the land. See the 1979 *Cluck* v. *Mack* opinion, *supra*. Margaret Ann's death did not affect that situation. And second, although Mrs. Cluck might argue that she conveyed her interest to Margaret Ann because she relied upon that particular daughter's personal ability to look after her, it is evident that the other three sisters were not similarly motivated. The dedication of the rentals to their mother's support satisfied their expectations, even though someone else must take care of Mrs. Cluck after Margaret Ann's death.

Margaret Ann's son and his wife, appellees, have offered to do that.

We have considered the appellants' various arguments for reversal and are unanimously of the opinion that the chancellor's decision was not clearly erroneous.

On cross appeal the administrator of Margaret Ann's estate does not question the accounting by which the chancellor awarded Mrs. Cluck $44,177.95 for past rentals, but he argues that Mrs. Cluck accepted Margaret Ann's performance of her promise for ten years and should now be barred by waiver, estoppel, and laches from seeking an accounting. There was no conscious waiver of Mrs. Cluck's rights, and both laches and estoppel rest upon some change of position detrimental to the person asserting those defenses. We perceive no injustice in requiring Margaret Ann's estate to account for the profits she accumulated in looking after her mother's property. The administrator also argues, without citation of any authority except the three-year statute of limitations, Ark. Stat. Ann. § 37-206 (Repl. 1962), that the accounting should have gone back only three years instead of five. Margaret Ann's obligation arose from the written deeds, not from an oral or implied promise; so the chancellor was right in applying the five-year statute. Section 37-209; *Parker* v. *Carter*, 91 Ark. 162, 120 S.W. 836, 134 Am. St. Rep. 60 (1909).

Affirmed on direct and cross appeal.