In re RESLER.

(District Court, D. Minnesota, Fourth Division. May 15, 1899.)

BANKRUPTCY—PROVABLE DEBTS—CLAIM BARRED BY LIMITATIONS.

A claim which, at the time of the filing of a petition in bankruptcy against the debtor, was barred by the statute of limitations of the state where the debtor resides, and where the proceedings in bankruptcy are instituted, is not a provable debt against his estate in bankruptcy, whether the creditor resides in the same state or some other. Nor is such a claim revived or made provable by the fact that the bankrupt includes it in his schedule of debts filed in the bankruptcy proceedings.

In Bankruptcy. On review of decision of referee in bankruptcy.

The certificate of the referee was as follows:

I, Orlando C. Merriman, one of the referees of said court in bankruptcy, do hereby certify that in the course of the proceedings in said cause before me the following question arose pertinent to the said proceedings: At the first meeting of the creditors of said bankrupt, S. E. Olson Company, a corporation organized under the laws of New Jersey, Wyman, Partridge & Company, a co-partnership of Minnesota, D. L. Newborg & Son, a co-partnership of the state of New York, and Jos. H. Wertheimer, a resident of the state of Michigan, presented, by their attorneys, Messrs. Fowler & Henderson, of Minneapolis, Minn., their proofs of claim against said bankrupt, and asked that said claims, and each of them, be proved and allowed as claims against said bankrupt; that said claims, and each of them, were scheduled by said bankrupt in his schedule of unsecured creditors, which was filed with said bankrupt's petition herein. Objection was made at said meeting to the allowance of said claims, or any of them, by the bankrupt and by certain creditors of the bankrupt whose claims had been allowed, on the ground that the statute of limitations of the state of Minnesota had run against said claims, and each of them, for the reason that it appeared on the face of said claims, and each of them, that said claims, and each of them, became due and payable more than six years prior to the filing of the petition by the bankrupt herein; and that because a period of more than six years had elapsed between the time when said claims, and each of them, became due and said petition was filed, that said claims, and each of them, were barred by the statute of limitations, and were not debts which were properly provable under the bankruptcy law approved July 1, 1898. No evidence was taken upon said question, but the decision of the referee was based wholly and entirely on the records and files of said estate. Upon said proceedings, and upon the facts as shown by the records and files in said matter, the following questions of law arose: Can a claim which appears upon its face to have become due and payable more than six years prior to the filing of a petition by a bankrupt, which claim has been duly entered by the bankrupt in his schedule of debts, be proved so as to entitle the holder to share in the estate of the bankrupt, if objected to by the bankrupt or a creditor whose claim has been allowed? First. Where both the bankrupt and the creditor now reside in the state of Minnesota, and did so reside at the time the debt was incurred, and during all the time since said time. Second. Where the bankrupt resides in the state of Minnesota, and the creditor resides in some other state, and each did so reside at the time the debt was incurred, and have so resided at all times since. The referee ruled that said debts, and each and all of them, were not provable, on the ground that each and all of them appeared upon their face to be barred by the statute of limitations; and that the entry of the same by the bankrupt in his schedule of debts did not revive the debt, or was not a waiver by the bankrupt of the statute of limitations. To the ruling and decision of the referee as above set forth, an exception was duly taken by said claimants, and each and all of them, and the said questions above presented are hereby certified to the judge for his opinion thereon.

Fowler & Henderson, for proving creditors.

F. F. Merritt, for bankrupt.

The question whether or not a claim against which the statute of limitations has run may be proved if included in his schedule of debts by the bankrupt, is one upon which the authorities are in hopeless conflict. So far as precedent is concerned, the question comes before this court practically as a new question, and the old cases are of value simply by way of argument. The cases holding that a debt may be proved in bankruptcy proceedings, although the statute of limitations in the state where the petition is filed may have run against the claim, may be divided into two classes: First. Those cases holding that, unless it affirmatively appears that the claim is barred throughout the United States, it may be proved. In re Ray, 1 N. B. R. 203, Fed. Cas. No. 11,589, is the leading case. Second. Those cases holding that the debt is revived by the bankrupt including it as a debt in his schedule of creditors. In re Eldridge, 2 Hughes, 259, Fed. Cas. No. 4,331. The cases under the first proposition follow the decision of Judge Blatchford, in Re Ray, supra, where the court holds, in an exhaustive opinion, that: "Where a bankrupt set forth in his schedules a debt due to a creditor, which was barred by the statute of limitations of the state in which both resided, held, the debt was provable in bankruptcy, unless it were shown to be barred throughout the United States." This case is followed by Judge Hall in Re Perry, 1 N. B. R. 221, Fed. Cas. No. 10,998, and in Re Shepard, 1 N. B. R. 439, Fed. Cas. No. 12,753, where Judge Hall makes an exhaustive examination of the subject, and coincides with Judge Blatchford. The same conclusion is reached by Judge Choate in Re Hertzog, 18 N. B. R. 526, Fed. Cas. No. 6,433, where the court holds that a debt against which the statute of limitations has run, but which is included in the debtor's schedules, is provable in bankruptcy. This is one of the last cases under the old bankruptcy law, and in it the court takes the position that in states where the statute of limitation affects the remedy only the law as laid down by Judge Blatchford is settled; and, while the question may be an important one, it is not an open one. This case was directly assailed by Judge Lowell in one of the districts of Massachusetts, but the two cases are distinguished on the ground that each follows the statute of limitations as interpreted by the state in which each action arose; Judge Blatchford following the interpretation of the statute in New York, where it is held the limitation applies only to the remedy, and Judge Lowell following the interpretation by the court of Massachusetts, where it is held that the debt itself is absolutely barred. On the second proposition—as to whether or not incorporating the debt in the bankrupt's schedule is a revival of the obligation, and a new promise—there seems also to be a conflict of opinion. To properly consider the question, it is necessary to keep in mind the object, nature, and effect of the statements made by the bankrupt in his schedules. The object in preparing the schedule is to make such a statement as is required by law for the purpose of securing a discharge by the bankrupt of all debts due and payable. The bankrupt is required to "prepare, make oath to, and file * * * a list of his creditors, showing their residence, if known,—if unknown, that fact to be stated, the amounts due each of them, the consideration thereof," etc. Subdivision 8, § 7, Act 1898. A formal and solemn statement is thus required of a bankrupt, for the purpose of securing a statement of such claims only as are proper, and to prevent any collusion between the bankrupt and any of his creditors. It would be impossible for the bankrupt to create a new obligation by entering a debt which did not exist on his schedule, but it is entirely within his power to elect to treat as a creditor one whose claim may be barred by the statute of limitations. It is almost impossible to conceive of a more formal and solemn acknowledgment of an obligation than that contained in the schedules of the bankrupt in the case at bar. There can be no question that the debts have been acknowledged, and, being acknowledged, it necessarily follows that the acknowledgment was for the purpose of securing to the creditor the right to participate in the distribution of the estate of the bankrupt pro rata with the other creditors. From an acknowledgment, an implication of a promise to pay to the extent of the bankrupt's estate naturally and obviously arises. There can be no other reason for entering the debt on the schedules by the bankrupt,

because, if the debt be barred, and the bankrupt so considers it, it is already discharged by law. The effect of going into bankruptcy is to promise to pay to all creditors pro rata to the extent of the assets, and to devote all assets to that purpose in consideration of a discharge from further payment. Minot v. Thatcher, 7 Metc. (Mass.) 348; In re Eldridge, 2 Hughes, 259, Fed. Cas. No. 4,331. Where a debt was entered on a schedule of debts made by an insolvent, in the District of Columbia to secure his release from prison under an act of congress, the court, Marshall, C. J., said: "The effect of recording this debt was merely an admission of its existence, and not a change of its nature. It would have been sufficient evidence, if five years had not lapsed after its recording, to have sustained an issue on a replication of a new promise to the plea of the statute of limitations." Bowie v. Henderson, 6 Wheat. 518. It is optional with a debtor contemplating bankruptcy to include or not to include in his schedule those debts against which the statute of limitations has run. If he desires to waive that option, which is purely personal to himself, and permit his debtor to share in whatever estate he may have, there is nothing in law to prevent him from so doing; and such an acknowledgment must be construed as a promise, on his part, to pay every creditor such proportion of his estate as the amount of the creditor's claim entitles him to receive. "A mere stranger to a claim, as a creditor of such person, although he may be injuriously affected by his debtor's failure to set up the statute, cannot either set it up himself or compel his debtor to do so, as in such cases the privilege is personal, and one of which the debtor may avail himself or not, at his election." Wood, Lim. (1st Ed.) § 41. If such were not the effect of a written acknowledgment of that character, and if the debtor did not consider the debt one which was a charge against him, there would be no object in including it in the schedule. The only reason which could possibly be assigned by the debtor for scheduling the claim is that he considered it an obligation owing by him, which he desired to have discharged, and that he desired his creditor to share in any estate which he might possess. His act can only be construed as an election on his part to waive the objection that the statute has run, and from such waiver and the written acknowledgment a promise is implied to pay to the creditor his proportion of the estate.

LOCHREN, District Judge. Formerly statutes of limitations were strictly construed, but it has been the tendency of courts in later years to consider them as statutes of repose; so that, if the claim be barred by the statute, it will not be revived unless the intent to revive it is so obvious that no other construction could be put upon the act which is claimed to be a revival. It is the rule, established by the Minnesota courts, that the statute is an absolute bar; but the debt barred may be revived where the intent to revive it is clear. Including the debt in the schedule will not effect such a revival in Minnesota. But, if the court were in doubt on the proposition, the question would seem to have been settled under the old bankruptcy law by Judge Nelson, of this district, in Re Doty, 16 N. B. R. 202, Fed. Cas. No. 4,017.

The following order was accordingly made by the court:

"It appearing from said certificate, and from the files and records herein, that each of said claims is for a debt that accrued more than six years prior to the filing of the petition in bankruptcy herein, and that each of said claims was barred by the statute of limitations of the state of Minnesota prior to filing said petition, and the court having heard the respective counsel on said question, it is hereby ordered that the order of said referee disallowing and expunging each of said claims be, and the same hereby is, in all things confirmed, and each of said claims is hereby disallowed, and expunged from the list of claims on the trustee's record of said case."