MORRIS *v*. CARR.

Opinion delivered December 9, 1905.

1. LIMITATION—ACKNOWLEDGMENT.—Where the maker of a note, in response to inquiries of the payee whether he desired to pay the note or use the money another year, wrote that he would retain the money, this was a sufficient acknowledgment of the debt as a subsisting obligation to stop the running of the statute of limitations, if such acknowledgment was not accompanied by anything negativing the presumption of an intention to pay the debt. (Page 231.)

2. JUDGMENT—INTEREST.—Where a note stipulates that it shall bear interest at the rate of ten per cent. from date until paid, the interest due at the time of the rendition of the judgment becomes part of the amount of the judgment, which thereafter bears interest at the same rate. (Page 234.)

Appeal from Benton Circuit Court; JOHN N. TILLMAN, Judge; affirmed.

STATEMENT BY THE COURT.

This is a suit by appellee against appellant on a promissory note for $500 with interest at ten per cent. from date until paid. The note was dated October 15, 1896, and was due twelve months after date. The complaint alleged that nothing had been paid on the note. The answer set up want of consideration and the statute of limitations. The latter defense alone is urged here. The cause was tried by the court, who found the following:

"That the note sued on was executed by defendant at Siloam Springs, Ark., October 15, 1896, for the sum of five hundred

dollars, payable to the plaintiff, T. G. Carr, twelve months after its date, and bearing ten per cent. interest per annum from its date until paid; that the same has been lost or mislaid by the plaintiff, but that it had never been assigned or transferred by him; that he is still the owner thereof; that the same is past due; that no payments have been made thereon; and that there is now due thereon the principal sum of $500, and the sum of $347.90 interest, making a total of $847.90 now due.

"The court further finds that the plaintiff, who lived in New Sharon, the State of Iowa, about the 10th of October, 1898, wrote a letter to defendant, who lived at Siloam Springs, Arkansas, enclosing for collection a small note against another party, and making inquiry of defendant as to whether he desired to pay off the note in question or use the money another year; that, in answer to said letter, defendant wrote plaintiff on the 12th day of October, 1898, the following letter:

" 'Siloam Springs, Ark., Oct. 12, 1898.
" 'T. G. Carr, New Sharon, Iowa.
    " 'Dear Sir:—
    " 'We received yours with one note. Our charges on small notes like this one we charge ten cents for collection and ten cents for a draft, which would cost you 20 cents each, if they have to be collected separately, which I believe is the case. I will use the money another year.
                                        " 'R. S. Morris.'

"That shortly prior to December 18, 1899, the plaintiff again wrote the defendant a letter, either enclosing a note on one Ford for collection, or making inquiry about it, and also making inquiry as to whether the defendant wished to pay off the $500 note in question or use the money another year. That on December 18, 1899, the defendant wrote plaintiff in answer to said letter the following letter:

" 'Siloam Springs, Ark., Dec. 18, 1899.
" 'T. G. Carr, New Sharon, Iowa.
    " 'I have your letter of December 11th. Mr. Ford is perfectly good. I will have my assistant cashier to collect the note and remit. I will retain the money another year. Things all right down here. All well.
                                    " 'R. S. Morris, Cashier.'

" 'When will my interest become due, and how much is it?'

"That shortly prior to October 20, 1902, plaintiff wrote defendant another letter asking him to pay $125 on said note, and in answer thereto defendant on October 20, 1902, wrote plaintiff the following letter:

" 'Siloam Springs, Ark., Oct. 20, 1902.
" 'T. G. Carr,
" 'New Sharon, Iowa.

" 'Your letter to hand. I understand that you need $125. Send your note to the Bank of Siloam to be fixed.

" 'R. S. Morris.'

"The court finds that the plaintiff at the time these letters were written held no other obligation of the defendant than the note sued on, and that the expression in the letter of October 12, 1898, 'I will use the money another year,' and the following in the letter of December 18, 1899, 'I will retain the money for another year,' and 'when does my interest become due, and how much is it?' and the entire letter of October 20, 1902, referred to the note sued upon, and were so understood by both parties at the time. The court further finds these letters written by the defendant were not accompanied by anything negativing the presumption of intention to pay the debt."

Upon these findings of fact, the court declared the law to be that these several letters written by defendant to plaintiff constituted unequivocal unconditional acknowledgments of the obligation sued on as an existing obligation of the defendant at the time; that by their terms they imported an intention and willingness to pay the same, and that the law implies therefrom a promise to pay the same; and that the statute of limitation began to run from the time of said acknowledgment, and plaintiff's cause of action was brought within five years from the date of each of these acknowledgments, and was not barred by the statute of limitation, and plaintiff is entitled to recover.

The court rendered judgment for the appellee in the sum of $870, and for interest on same from the date of the judgment until paid at the rate of ten per cent. per annum.

The motion for new trial in several paragraphs set up that the court erred in its findings of fact and declarations of law.

The motion was overruled, and the cause is properly here on appeal.

*E. P. Watson,* for appellant.

To overcome the bar of the statute, the acknowledgment of the debt must either be in express terms, or else in clear and unequivocal language from which the law will imply a promise to pay. 19 Am. & Eng. Enc. Law (2 Ed.), 295, 297; 10 Ark. 134; 12 *Id.* 762; 22 Ark. 217; 26 U. S. 351; 122 U. S. 231; 52 Ark. 456; 9 Ark. 455; 12 Ark. 595. A promise to "settle the matter," or similar indefinite assurance, is not sufficient. 19 Am. & Eng. Enc. Law (2 Ed.), 294 and note 1. The acknowledgment must be such as to indicate a liability, willingness and intent to pay the debt. 26 Ark. 510; 19 Am. & Eng. Enc. Law, *supra*; 86 Mo. 643; 112 U. S. 150; 72 Am. Rep. 72; 95 Am. Dec. 170.

*McGill & Lindsey,* for appellee.

An acknowledgment of the claim as an existing obligation is such an admission as that the law will imply therefrom a new promise to pay, which will start the statute anew, when it is not accompanied by anything negativing the presumption of an intention to pay. 19 Am. & Eng. Enc. Law (2 Ed.), 303; 9 Ark. 455; 10 *Id.* 134; 12 *Id.* 595; *Ib.* 762; 22 *Id.* 217; 26 *Id.* 541; 52 *Id.* 288; *Ib.* 454; 66 *Id.* 464.

WOOD, J., (after stating the facts.) 1. There is no dispute here as to the debt, or that the letters in evidence referred to the note in controversy. Appellant simply contends that none of these letters, when taken in connection with the facts and circumstances as understood by appellant at the time they were written, contains a promise to pay the debt, or an acknowledgment from which the law would raise a promise to pay it, and that therefore the bar of the statute applies. It appears that, before the debt was barred, appellee wrote appellant asking whether he desired to pay off the note or use the money another year. Appellant answered, "I will use the money another year." In response to a similar inquiry in another letter, he replied, "I will retain the money for another year," and added a postscript, not signed, "When will my interest become due, and how much is it?" In answer to another letter concerning this note, he writes October 20, 1902, "Your letter to hand. I understand you need $125. Send

your note to the Bank of Siloam to be fixed." In response to another letter of appellee's, in which he had evidently inclosed the note "to be fixed," appellant wrote him the following letter:

                    "Siloam Springs, Ark., October 27, 1902.
"Mr. T. G. Carr,
  "New Sharon, Iowa.

  "Your letter with my note, dated October 15, 1896, and payable on or before twelve months after date to T. G. Carr or order, for $500, with ten per cent. interest, received. Were there no payments made on this note? It must have been an oversight of me. Please let me hear from you.
                              . "R. S. Morris."

The court was correct in its findings of fact and conclusions of law. The Supreme Court of the United States in *Shepard* v. *Thompson,* 122 U. S. 231, uses this language: "The statute of limitations is to be upheld and enforced, not as resting only on a presumption of payment from lapse of time, but, according to its intent and object, as a statute of repose. The original debt, indeed, is a sufficient legal consideration for a subsequent new promise to pay it, made either before or after the bar of the statute is complete. But, in order to continue or revive the cause of action after it would otherwise have been barred by the statute, there must be either an express promise of the debtor to pay the debt, or else an express acknowledgment of the debt, from which his promise to pay may be inferred. A mere acknowledgment, though in writing, of the debt as having once existed is not sufficient to raise an implication of such a new promise. To have this effect, there must be a distinct and unequivocal acknowledgment of the debt as still subsisting as a personal obligation of the debtor."

In *Arnold* v. *Dexter,* 4 Mason (U. S.), 122, a party, on his promissory note being produced to him, said: "It is as good as money." Judge STORY, in speaking of this, said: "I think the evidence sufficient to establish a new promise, and to take the case out of the statute of limitations. The defendant did not deny the validity of the note, but, on the contrary, admitted it to be as good as money. How could this be unless he meant that the money was still due on it, and he was responsible to pay it?" The correct doctrine is stated in 19 Am. & Eng. Enc. Law (2 Ed.), 303, as follows: "An acknowledgment of the claim as an exist-

ing obligation is such an admission as the law will imply there-from a new promise to pay, which will start the statute anew, when it is not accompanied by anything negativing the presumption of an intention to pay the debt."

In *Ringo* v. *Brooks,* 26 Ark. 541, where it was held that the acknowledgment was not sufficient because it did not point out the debt, and was made to a stranger, Judge SEARLE, in discussing the facts of that case, said: "Like all other acknowledgments and promises having legal force and sanction, they must be made to a party in interest; to the person to whom the debt is due, or one authorized to act for him, and *with the intent at the time to pay it.*" The court in that case did not say, nor did the court mean, nor was it necessary to hold, that such intention to pay must be expressed in the acknowledgment. All that case meant to hold was that the acknowledgment should be made to the party in interest, and be of such unequivocal character as to recognize the indebtedness as a subsisting obligation, and that there should be nothing in the face of the writing or written evidence of acknowledgment to repel the presumption of an intention to pay which the law raises by such acknowledgments.

Applying these principles to the facts, we are of the opinion that when appellant, in response to inquiries of appellee asking whether he desired to pay the note or use the money another year, answered that "he would retain the money," he clearly acknowledged the debt as a subsisting obligation. The necessary and natural import of the language, when taken in connection with the inquiry which elicited it, was that appellant already owed appellee money on the note, and that, instead of taking the money which the note called for to pay it, he would further use the money, and let the note which contained his promise to pay run on and be binding from that date. The language of these letters, and of the letters which the appellant wrote after the bar of the statute had otherwise attached, was tantamount to a distinct and unmistakable acknowledgment of the debt represented by the note in controversy as a subsisting obligation.

The trial judge found that the letters referred to *supra* "were not accompanied by anything negativing the presumption of an intention to pay the debt." There is nothing in the proof to warrant this court in overturning this finding.

2. The judgment consists of $500 for the principal, and $347.90 of accrued interest, at the date of the judgment. Inasmuch as the note sued on did not stipulate that the interest, if not paid, should become a part of the principal, and bear the same rate of interest, appellant contends that the interest on the judgment should not bear ten per cent. Section 5388 of Kirby's Digest provides: "Judgment or decrees upon contracts bearing more than six per cent. interest shall bear the same interest as may be specified in such contracts, and the rate of interest shall be expressed in such judgments and decrees."

The interest due at the time of the rendition of the judgment becomes a part of the amount of the judgment, and by the express terms of the statute the amount of the judgment bears interest at the rate specified in the contract. *Badgett* v. *Jordan*, 32 Ark. 154.

Affirm.