## In re SIEGLER.
### No. 39995.

District Court, E. D. New York.
Aug. 8, 1941.

Norman, Mosher & Allen, of New York City, for Creditors' Committee, appearing in their own behalf, and for David B. Jacobs & Co.

Herman E. Hoberman, of Brooklyn, N. Y., for debtor.

ABRUZZO, District Judge.

This is a motion for an order sustaining the petition for review of Norman, Mosher & Allen, attorneys for the creditors' committee, and reversing the order of the Referee, dated March 24, 1941, to the extent that it denied allowances to Norman, Mosher & Allen; and David B. Jacobs & Co., accountants.

An application was made before the Referee for an allowance of $325 to David B. Jacobs & Co., accountants; and $5,000 to Mosher, Norman & Allen, attorneys for creditors' committee. These applications were denied.

The facts indicate that neither counsel for the creditors' committee nor the accountants obtained an order of retention.

■ Rule 13 of the Bankruptcy Rules for the United States Court for the Eastern District of New York requires that an accountant obtain a formal order of retention. The accountants herein having failed to do so, the Referee properly denied their application and the present motion, with respect to the accountants' application for an allowance, is denied.

The attorneys for the creditors' committee were denied an allowance by the Referee. It was pointed out in the Referee's decision that no order of retention was obtained by these attorneys. No doubt, he referred to General Order in Bankruptcy 44, 11 U.S.C.A. following section 53, which provides: "No attorney for a receiver, trustee or debtor in possession shall be appointed except upon the order of the court * * *".

■ A thorough reading of this rule discloses no reference to attorneys for creditors' committees. An allowance to the attorneys for the creditors' committee can be made only under Section 337, Subdiv. 2, of Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 737(2), which states: "* * * and the money necessary to pay the costs and expenses of the proceedings and the actual and necessary expenses incurred in connection with the proceedings and the arrangement by the committee of creditors and the attorneys or agents of such committee, in such amount as the court may allow; * * *."

This section establishes the power of the Court to make an allowance for services rendered by attorneys for creditors' committees under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq., even though there has been no order of retention.

Section 337, Subdiv. 2, Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 737(2), was recently interpreted in the matter of Lane v. Haytian Corp. of America, 2 Cir., 117 F.2d 216. It indicates that necessary expenses under Section 337, Subdiv. 2, supra, of creditors' committees may be compensated by the Court.

■ An allowance under proper circumstances can therefore be made to an attorney for the creditors' committee. Compensation is authorized under the act for services which have contributed directly and materially to the successful accomplishment of the debtor's plan.

■ The attorneys for the creditors' committee cannot be allowed compensation for services rendered to the assignee, nor for their services rendered prior to the filing of the plan of arrangement under Chapter XI of the Bankruptcy Act. The Referee was justified in denying these allowances.

From the reading of the affidavits submitted in support of the application for an allowance to the attorneys for the creditors' committee, the Court finds that the

services rendered by them, which were beneficial to the plan of arrangement, should be compensated to the extent of $350.

Except for the allowance of $350 to the attorneys for the creditors' committee, the order of the Referee is affirmed.

Settle order on notice.