**BIGGS, Special Deputy Com'r of Finance for State of Missouri, v. MAYS.**

No. 12050.

Circuit Court of Appeals, Eighth Circuit.

Feb. 16, 1942.

D. D. Panich, of Little Rock, Ark., for appellant.

David R. Hardy, of Kansas City, Mo. (Sebree, Shook & Gisler, of Kansas City, Mo., on the brief), for appellee.

Before THOMAS and JOHNSEN, Circuit Judges and REEVES, District Judge.

THOMAS, Circuit Judge.

This is an appeal from an order in bankruptcy reversing on review an order of the referee which, upon reexamination, reallowed a claim of the Wellston Trust Company, insolvent and represented in this proceeding by the appellant.

The material evidentiary facts are not in dispute. Edmund M. Mays, the appellee, filed his voluntary petition in bankruptcy April 21, 1939, and was adjudged a bankrupt the following day. On May 8, 1939, the Wellston Trust Company filed its claim in the amount of $70,079, and it was allowed by the referee on the same day. In July, 1940, the bankrupt filed a petition for reexamination of the claim. The claim was based upon a promissory collateral note made by the bankrupt, dated August 25, 1932, and payable six months after date to the Wellston Trust Company. The ground for reexamination of the claim alleged in the petition was that the note was barred by the statute of limitations.

After a hearing at which the parties were represented by counsel the referee entered an order overruling the appellee's contention that the note was barred and reallowing the claim in the amount for which it was filed. A petition for review was filed by the bankrupt, the record was certified by the referee, and the judge on April 7, 1941, announced his findings in open court. Upon motion of appellant the findings were withheld to allow the parties to file briefs. On April 22, 1941, appellant filed a motion to dismiss appellee's petition for review on the ground that the bankrupt was not a person aggrieved or a party in interest within the meaning of section 39, sub. c of the Bankruptcy Act as amended, 11 U.S.C.A. § 67 sub. c, effective September 22, 1938. Appellant requested oral argument upon the motion. On May 3, 1941, the order appealed from was entered. In this order appellant's motion to dismiss the petition for review was denied; it was found that oral argument was not necessary; and the order of the referee reallowing the claim was reversed.

The appeal presents for consideration (1) the power of the judge to review the order of the referee; (2) the alleged abuse of discretion of the judge in refusing to permit oral argument upon the motion to dismiss; and, on the merits, (3) the bar of the statute of limitations.

1. **Power of the Judge.**—Section 39, sub. c of the Bankruptcy Act, as amended by the Act of June 22, 1938, c. 575, § 1, 52 Stat. 858, 11 U.S.C.A. § 67, sub. c, provides: "A person aggrieved by an order of a referee may * * * file with the referee a petition for review of such order by a judge * * * ."

In the present instance the bankrupt filed the petition seeking review by the judge of the order of the referee. The appellant contends that the judge was without power to consider and act upon the petition because the bankrupt is not "a person aggrieved" by the allowance of a claim against the bankrupt estate within the meaning of the statute quoted supra. The judge held that the referee having certified the record to him for review he had power sua sponte to review and revise the order. The judge further found that "The allowance of this claim would, in my opinion, work an injustice to the estate of the bankrupt." In re Mays, D.C., 38 F.Supp. 958, 963.

Under these circumstances we think the court not only had the power to do so but that it properly considered and acted upon the petition for review. Section 39, sub. c, providing that an aggrieved party may petition for a review of the order of a referee, is not a condition upon the jurisdiction of the court. It in no way limits the power of the court, but is merely procedural. It limits only the right of an aggrieved party without impairing the power or discretion of the court. Thummess v. Von Hoffman, 3 Cir., 109 F.2d 291; In re Albert, 2 Cir., 122 F.2d 393, 394. The powers of the judge as a court of bankruptcy are defined in the statutes and in the General Orders, 11 U.S.C.A. following section 53. Section 2, sub. a(10) of the Act, 11 U.S.C.A. § 11, sub. a(10) states that the courts of bankruptcy have jurisdiction to "consider records, findings, and orders certified to the judges by referees, and confirm, modify, or reverse such findings and orders, or return such records with instructions for further proceedings." Section 38 of the Act, 11 U.S.C.A. § 66, provides that "Referees are hereby invested, subject always to a review by the judge, with jurisdiction to * * * (6) perform such of the duties as are by this title conferred on courts of bankruptcy * * *." In Wayne Gas Co. v. Owens-Illinois Co., 300 U.S. 131, 137, 57 S.Ct. 382, 385, 81 L.Ed. 557, the Supreme Court said, "The [bankruptcy] court has the power, for good reason, to revise its judgments upon seasonable application and before rights have vested on the faith of its action."

General Order 4 provides that "Proceedings may be conducted by the bankrupt or debtor in person in his own behalf, or by a creditor." General Order 21(6) provides that "When the trustee or any creditor or the bankrupt or debtor shall desire the reconsideration of any claim allowed against the estate, he may apply by petition to the referee", etc.

In this instance the Wellston Trust Company was a party to the bankruptcy proceeding. It became such by filing and securing an adjudication of its claim before the referee. That adjudication was subject to be reviewed and revised by the court at the instance of any aggrieved party, or any party in interest, to that proceeding, or by the court sua sponte, upon certification of the record by the referee. The bankrupt petitioned for review. The appellant appeared and contested the review without objecting to it on the ground that the petition was filed by the bankrupt. An analogous situation was presented to the court in the case of Jones v. Clower, 5 Cir., 22 F.2d 104, 106, and in determining the issue in that case the Court of Appeals said:

"It seems that appellants, by contesting appellee's petition without objecting to it on the ground that it was filed by a creditor, and not by the trustee in bankruptcy of the estate of the maker of the note referred to, waived the objection to that petition on that ground. But, without regard to that consideration, the court, in the absence of any petition by either the trustee in bankruptcy or a creditor, could of its own motion take action to correct what it has cause to believe was erroneous action, taken by it upon insufficient knowledge."

To the same effect, see In re Flanders Co., 6 Cir., 32 F.2d 654; International Agr. Corp. v. Cary, 6 Cir., 240 F. 101, 105; In re De Ran, 6 Cir., 260 F. 732; Lesser v. Gray, 236 U.S. 70, 74, 35 S.Ct. 227, 59 L.Ed. 471.

The court did not err in the exercise of its power to review the order of the referee.

2. **Discretion of the Court.**—It is urged that the court abused its discretion in refusing to hear oral argument on

the motion to dismiss. The contention is without merit. A court in the exercise of a sound discretion may always limit argument to itself. There was no abuse of such discretion in this instance. The matter before the court had been pending for several months. A conclusion upon the merits had been announced by the judge when the motion to dismiss was filed, and written briefs were thereafter filed by counsel for the parties. The able opinion of the judge shows that he gave full consideration to the belated motion. There was no abuse of discretion.

3. The Statute of Limitations.—The note upon which appellant's claim was based was dated August 25, 1932, and was due six months later on February 25, 1933. Section 8933 of Pope's Digest of the Statutes of Arkansas provides that "Actions on promissory notes * * * shall be commenced within five years after the cause of action shall accrue, and not afterward." The cause of action on appellant's note was barred, therefore, on February 25, 1938, unless the bar of the statute was tolled by some act of the bankrupt prior to the filing of his voluntary petition on April 21, 1939. The appellant argues that the statute was tolled (1) by a credit endorsed upon the note on October 25, 1937; (2) by the pendency of an involuntary petition in bankruptcy against the bankrupt in St. Louis, Missouri; (3) by the listing of the note by the bankrupt in his schedule of liabilities; (4) by the pendency of a plenary suit on the note instituted December 19, 1938; and (5) by an acknowledgment of the debt in writing in 1938.

Appellant waives argument on the first point, that the statute was tolled by the endorsement of a credit on the note on October 25, 1937. The holder at that time endorsed a credit derived from the proceeds of the sale of collateral. The record shows that no notice of the sale was given the maker of the note. Under the law of Arkansas, such a credit does not toll the running of the statute. Taylor v. White, 182 Ark. 433, 31 S.W.2d 745; Bank of Searcy v. Kroh, 195 Ark. 785, 114 S.W.2d 26, 28. See, also, Storrie Coal Co. v. McAlester Fuel Co., 10 Cir., 109 F.2d 90, 92.

Appellant and two other creditors filed an involuntary proceeding in bankruptcy against the bankrupt on July 10, 1934, in the district court for the eastern district of Missouri. The bankrupt asked for a jury trial. No further action having been taken, the proceedings were dismissed by the court on May 27, 1937. The second contention of appellant is that the statute was tolled during the period between these two dates. The amendment to the Bankruptcy Act of 1898 known as the Chandler Act did not become effective until September 22, 1938. The Act of 1898 was in effect at the time of the pendency of the involuntary proceedings in Missouri. Under the latter Act there was no provision for the suspension of statutes of limitation during the bankruptcy proceedings. 2 Remington on Bankruptcy, 5th Ed., § 963, p. 476. Section 11, sub. f of the Chandler Act, 11 U.S.C.A. § 29, sub. f, provides that "The operation of any statute of limitations of the United States or of any State, affecting the debts of a bankrupt provable under this Act [title], shall be suspended during the period from the date of the filing of the petition in bankruptcy (1) until the expiration of thirty days after the date of the entry of an order denying his discharge * * *."

The contention of appellant that the statute was tolled under the Act of 1898 cannot be sustained. The cases cited are not in point. The contention that the Chandler Act is retroactive is also without merit. There is nothing in the Act to indicate that Congress intended that § 11, sub. f should be construed retroactively, and in the absence of specific language to that effect it should not be so construed. Ginsberg v. Lindel, 8 Cir., 107 F.2d 721, 726.

It is next contended that the bankrupt revived the barred debt by listing it in his schedules. Appellant relies upon In re Currier, D.C.N.Y., 192 F. 695. The weight of authority is to the contrary. The listing of a debt in the bankrupt's schedules is not such an acknowledgment as implies an intention to pay it. On the contrary it signifies an intention by the bankrupt not to pay the debt. The listing of the debt does not take the claim out of the statute of limitations. In re Povill, 2 Cir., 105 F.2d 157, 159; In re Weidenfeld, 2 Cir., 277 F. 59, 61; In re Resler, D.C.Minn., 95 F. 804, 806; 37 C.J. 1115, § 595. The acknowledgment of

a debt in the ordinary course of business takes it out of the statute of limitations because when the acknowledgment is voluntarily made it is an admission of the debt and of the liability of the debtor to pay. From this the law implies a promise to pay. No such inference can be drawn when the very purpose of listing the debt, as in a bankruptcy proceeding, is to secure the discharge of that very debt. Richardson v. Thomas, 13 Gray, Mass., 381, 382, 74 Am.Dec. 636.

■ It is next argued that the statute was tolled by the commencement of a plenary suit. On December 19, 1938, the Wellston Trust Company filed suit on the note against the bankrupt in the district court of Arkansas. After the petition in bankruptcy was filed the case was dismissed on April 1, 1940. Prior to the commencement of the suit the cause of action had been barred under the statute of Arkansas, supra, on February 25, 1938. The commencement of the suit was not an act of the bankrupt and cannot be construed to be an acknowledgment of the debt from which a promise to pay can be inferred. The contention that this suit revived the debt is entirely without merit.

■ Finally, it is urged that the bankrupt revived the debt in April, 1938, by an acknowledgment of its existence in writing. The law of Arkansas controls in determining the application of the statute of limitations, since the bankruptcy is pending in a federal court in that state. Hargadine-McKittrick Dry Goods Co. v. Hudson, 8 Cir., 122 F. 232; In re Povill, supra.

The acknowledgment of the debt giving rise to the alleged promise to pay it is found in a series of letters passing between the bankrupt and H. L. Ponder of Walnut Ridge, Arkansas, an attorney to whom the Wellston Trust Company sent the note after the statute of limitations had run against it. It will be unnecessary to set out all of this correspondence in this opinion. The parts referred to in the briefs and relied upon by counsel will be sufficient. The first letter was written by Mr. Ponder to the bankrupt on March 29, 1938. In it he said, "We have for collection promissory collateral note given by you to Wellston Trust Company. * * * We have instructions to bring suit in the Federal Court at Harrison and just wondering if something could not be worked out and avoid this litigation. * * *"

On April 8, 1938, the bankrupt replied saying, "I have your letter of March 29th relative to my note in favor of the Wellston Trust Company. * * * I do not owe anyone except the Wellston Trust Co. and the Grand National Bank * * * I would like to get this note that you hold of the Wellston Trust Co. and note I owe Grand National Bank out of the way. They are all the debts that I have. * * *"

On April 11, 1938, Mr. Ponder wrote, "I am just wondering if it would appeal to you to have a conference about this matter and possibly we can work out some kind of a settlement."

Again, on June 4, 1938, Mr. Ponder wrote, "You can settle this claim for a small and reasonable cash payment, and I think it is the smart thing to do. * * *"

On June 20, 1938, the bankrupt answered, "* * * I wish you would find out just the least amount it would take to satisfy the note of the Wellston Trust Company. I do not have any money but will try to raise enough to satisfy them. I would suggest that the amount be $500.00 or $1000.00."

It further appears that an attempt to settle was made at a conference between the bankrupt and Mr. Ponder, at which conference the bankrupt offered to transfer some real estate in exchange for the note.

■ In considering whether an acknowledgment in writing is sufficient to toll the statute of limitations, the question, as indicated supra, is whether the acknowledgment is such an intentional, voluntary admission of the debt and of the liability of the debtor to pay it that the law may imply a promise to pay it. "The statute of limitations is to be upheld and enforced, not as resting only on a presumption of payment from lapse of time, but, according to its intent and object, as a statute of repose." Morris v. Carr, 77 Ark. 228, 91 S.W. 187, 189. The law will not imply a new promise when the acknowledgment is "accompanied by anything negativing the presumption of an intention to pay the debt." Morris v. Carr, supra. The acknowledgment should contain "an unqualified and direct admission of a previous subsisting debt, which the party is liable

for and willing to pay." Brown v. State Bank, 10 Ark. 134. An offer to settle, to compromise or to adjust, is not such an unqualified acknowledgment. Parker v. Carter, 91 Ark. 162, 120 S.W. 836, 134 Am.St.Rep. 60. Nor is an admission contained in a writing, the purpose of which is to procure a compromise of a barred debt, especially if the offer is refused by the creditor. 37 C.J. 1112, § 582. And a verbal promise or acknowledgment is not deemed sufficient evidence in any action on contract to take a case out of the operation of the statute. Pope's Digest of the Statutes of Arkansas, § 8943.

It is the contention of appellant that the correspondence set out supra constitutes a sufficient acknowledgment of the debt by the bankrupt to satisfy the Arkansas law and to toll the statute. The appellee argues that the correspondence is not an unqualified admission of the debt, but that it is coupled with an attempt to adjust the claim and that the correspondence is a part of a negotiation carried on between the bankrupt and Mr. Ponder in an endeavor to settle. The court below found specifically that "the facts do not justify any inference of a promise to pay the note as demanded by the claimant." Under the law of Arkansas, as outlined above, the inference of a promise to pay is one of fact, and the finding of the court is binding unless clearly erroneous. Rule 52(a) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. To compel the inference of a promise the written admission of the debt must also contain an admission of liability and a willingness to pay it. Brown v. State Bank, supra. In the cited case the Supreme Court of Arkansas said that if the expressions relied upon to establish the admissions lead to "probable inferences which may affect different minds in different ways, we think they ought not to be received as evidence of a new promise to revive the cause of action." In so holding the Arkansas court followed and adopted the language of Mr. Justice Story in Bell v. Morrison, 26 U.S. 351, 361, 1 Pet. 351, 7 L.Ed. 174. In that case evidence of admissions apparently stronger than any language found in the bankrupt's letters to Mr. Ponder were held insufficient to toll the statute of limitations.

For the foregoing reasons the order appealed from is affirmed.