270

Goetz & Midler, of New York City (Isidor Goetz, of New York City, of counsel), for Rockwell Baking Corporation.

Harry Nasseberg, of New York City, for creditors' committee.

Anchin, Black & Anchin, accountants, by David Anchin.

Edwin M. Slote, pro se.

KENNEDY, District Judge.

This proceeding was instituted on October 31, 1947, by the filing of a petition for arrangement under Chapter 11 of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq. The only question presently involved is that of allowances. The referee made awards on January 29, 1948. Rockwell Baking Corp. (Rockwell), objecting to the allowances, petitions for review as an "aggrieved person". 11 U.S.C.A. § 67, sub. c. Some of those receiving allowances have filed cross-petitions for review on the ground of inadequacy.

It is suggested that Rockwell is actually not a "person aggrieved," and,

therefore, may not here obtain a review of the referee's order. The status of Rockwell to file its petition is defended on the basis that it is listed as a creditor in the schedules (for a trifling amount). I do not think the point even worth considering, since a court may review an order such as this even sua sponte (Biggs v. Mays, 8 Cir., 1942, 125 F.2d 693, 696). I, therefore, proceed to consider the attacks upon the order.

■ It is contended that the allowance to the attorney for the debtor ($5,000) is somehow improper because, as appears on the face of the papers, this attorney was and is under an agreement to share his compensation with another firm of lawyers (Frackman & Robins). At the argument reference was made to the doctrine of Weil v. Neary, 1929, 278 U.S. 160, 49 S.Ct. 144, 73 L.Ed. 243. But that case is clearly inapplicable. If an engagement made by the attorney for the debtor to share his compensation is improper, he forfeits everything. 11 U.S.C.A. § 102, sub. d. But the agreement at bar is not improper; it is fully warranted by the present provision of the Bankruptcy Act. 11 U.S.C.A. § 102, sub.c.

There was nothing surreptitious about the challenged arrangement to share compensation. It seems to have been spread upon the records of the court throughout the proceeding. But, apart from that, the referee has found that the attorneys who are sharing compensation with the attorney for the debtor actually contributed to the services rendered, and this is certainly a finding of fact which I ought not, and probably cannot, disturb. For who better than the referee would know what attorneys contributed to the services for which claim has been made? Moreover, on the undisputed facts, the attorneys who are to share in the compensation at the very least occupied the status of "forwarding" attorneys-at-law, which brings the case within the proviso found in the section (cited above) aimed at splitting fees, and excepts this allowance from its operation. It is argued that to qualify as a "forwarding" attorney one must be physically so far removed from the forum that he cannot, himself, be active in the proceedings. I can find nothing to suggest such a narrow construction of the language of the statute. I do no believe, when the "forwarding" attorney happens to be a local attorney, that everybody concerned in the arrangement forfeits compensation, even if it is honestly earned, and particularly where the agreement to share is fully disclosed.

The attorneys for the official creditors' committee, Scribner & Miller, were allowed $2,000 as compensation. There is no objection to this allowance, and I, accordingly, approve it as reasonable.

■ The accountants, Anchin, Black & Anchin, were awarded $750, the amount limited by the retaining order (Bankruptcy Rule E.D.N.Y. 13.) Objection is made to the amount of the allowance on the ground that they had been, prior to this proceeding, the accountants for the debtor, receiving $125, a month, and, since they have contributed nothing of value "except a lot of paper work," they should not have been allowed more than the "regular" compensation which would have been paid to them by the debtor ($375). I confirm the report of the referee as to the allowance. Clearly, he found that the services rendered by the accountants were not the same as those for which they had been receiving a stated monthly compensation. In that I agree.

■ Mr. Slote, and Messrs. Frackman & Robbins, attorneys for the debtor, were awarded $5,000 in addition to $500 already received by them on account of fees. Rockwell claims the award is excessive, whereas the attorney for the debtor urges that the amount is insufficient. In this case, the creditors receive $37,000 (20%) and the total amount allowed as fees is approximately $8,000. It is the primary duty of the court to ascertain the maximum amount allowable for the administration of an estate. On that basis, the individual allowances are to be measured. In re Mt. Forest Fur Farms of America, 6 Cir., 1946, 157 F.2d 640, 647. Although counsel have rendered extensive and valuable services to the estate, I feel constrained, in view of its size, to reduce the amount of the allowance from $5,000 to $4,000.

■ The referee made an allowance (challenged by the petition) in the amount of $500 plus disbursements of $75.38 to one Nassberg, as secretary of the creditors' committee. Nassberg originally applied for $2,250 but the referee refused to allow anything. On reconsideration, Nassberg's compensation was fixed at the amount I have mentioned. He now asks that he be allowed $2,250, as originally asked.

Rockwell urges that no allowance of any kind in the way of compensation can be made to a member of a creditors' committee, citing Lane v. Haytian Corp., 2 Cir., 1941, 117 F.2d 216, 221, and Collier on Bankruptcy, 14th Edition, Vol. 8, pp. 564-66. In the Lane case Judge Clark says, 117 F.2d at page 221:

"We think, therefore, that the allowable expenses of the Committee must be limited to those incurred by it in passing judgment upon the plan and in making that judgment known to the debtor and the creditors for appropriate action by him or them. Such expenses certainly cannot include any form of compensation to Committee members themselves, whether as agents or solicitors of agents or otherwise."

Nassberg asserts that he never was a "member" of the creditors' committee, but was merely official secretary of that body; apparently he bases his status upon a direction found in the referee's order appointing the committee which requires that "all communications to be sent to the committee shall be sent to the secretary, Harry Nassberg."

In support of an allowance under these circumstances, Nassberg contends that the Lane case, supra, is actually an authority in his favor on the question of power. He points out that there was a remand to the referee in the Lane case, and this must mean that upon appropriate findings of fact an allowance of "actual and necessary expenses" to a creditors' committee would be justified under the statute. 11 U.S.C.A. § 737(2). It is true that Collier, 14th Ed., Vol. 8, p. 564, interprets the

Lane case as impliedly authorizing the payment of *compensation,* as well as expenses, not only to attorneys but also to "agents" of a creditors' committee.

But even if the Lane case stands for this proposition, and I have some doubt that it does, there is a further question to be considered. Although there was ample opportunity, Nassberg never applied to the referee for an order authorizing the rendition of services. He now argues that such an application was unnecessary (citing In re Siegler, D.C.E.D.N.Y.1941, 40 F.Supp. 67). That case involved a proceeding under Chapter 11 and the particular point considered was whether, without an order in advance, an allowance to an accountant and to an attorney for a creditors' committee could be justified. It was held that provisions of General Order in Bankruptcy 44, 11 U.S.C.A. following section 53, requiring attorneys to apply for an order of retention did not limit the court's power to make an allowance to an *attorney* under Chapter 11 of the Bankruptcy Act, 11 U.S. C.A. § 737(2). But speaking of the accountant, the court said that nothing should be paid because there had been no compliance with Bankruptcy Rule E.D.N.Y. 13. That rule provides in substance that no receiver or trustee in bankruptcy shall employ an accountant or investigator except upon the order of the court. It was intimated, or perhaps decided, in the Siegler case that the local rule also covered Chapter 11 proceedings, in spite of the fact that by its narrow terms it seems to be applicable only to receivers or trustees.

If the local rule applies to Chapter 11 proceedings, certainly "agents" of a creditors' committee ought to be within its scope. The word "agent" is so vague that the type of safeguard provided by the local rule is probably more necessary in the case of an "agent" than in the case of an "accountant" or an "investigator".[1]

And it is clear to me that the court should have at least as much control over creditors' committees, official or unofficial, in respect of the creation of liabilities for

[1] It is an interesting fact that the accountant in this very proceeding applied for and secured an order of retention, embodying, as the local rule requires, a statement of the maximum amount, and that the referee allowed that amount.

services against the estate, as the court does over similar activities by receivers or trustees.

If I am to follow the Siegler case (and Nassberg strongly urges that I should), then he is not entitled to compensation because his status is closely similar to that of an accountant or investigator under the local rule. On the other hand, if that rule does not in terms apply, I think it expresses a local policy which should be followed in Chapter 11 proceedings.

That portion of the referee's order under review, which asks an allowance to Nassberg is reversed, and the application is denied.

Submit order.