## In re HOCHREICH.

No. 46118.

United States District Court
E. D. New York.
March 27, 1950.

Archibald Palmer, New York City, for trustee and petitioning creditors (Samuel Masia, New York City, of counsel).

Louis H. Solomon, New York City, for Louis Karasik, claimant.

BYERS, District Judge.

This matter is before the Court on objection to a Referee's report awarding an attorney's fee to the attorney for the trustee, in the sum of $4750, not as to the amount, but because another attorney, who files the objection, conceives himself to be entitled to 30% thereof as a so-called "forwarding fee". The Referee found against him.

The report dated December 16, 1949, was filed three days later, and would have been passed upon by the Court long since, but for later proceedings which were in effect a rehearing of the matter before the Referee, of which the Court was apprised; it was deemed expedient, though irregular according to established practice, to withhold action on the first report until the coming in of a supplemental report based upon the rehearing and reconsideration of the application for recognition of the so-called "forwarding fee". That report, dated March 21, 1950, was filed two days later, and again rejects the claim for a portion of the allowance in question.

The decision of the Referee is correct, and is hereby confirmed.

The only subject to which allusion will be made is the assertion that the attorney who brought about the hiring of the attorney for petitioning creditors of one who eventually became the attorney for the trustee, became entitled to that which he now claims by reason of the following note written to and received by him:

"Archibald Palmer
"Counsellor at law
"320 Broadway
"New York 7, N. Y.
"January 8th, 1944
"Louis Karasik, Esq.,
"50 E. 42nd St.,
"New York City.
"Dear Sir:
"Pursuant to my arrangement with you, you are to receive 30% of all fees paid to me in the matter of David Hochreich; of course, disbursements are not included.
"Very sincerely,
"(sgd) Archibald Palmer
"(Archie to you)"

The argument is that "30% of all fees paid to me in the matter of Hochreich", etc., necessarily includes the allowance made to the attorney for the trustee.

If such a construction were to be adopted, it would sanction practices, in connection with the appointment of an attorney for a trustee in bankruptcy, which would bring the administration of this branch of the law into greater question than now attaches to certain of its manifestations.

The long and complicated incidents of the administration of this estate have been set forth in the original report of the Referee, by way of explaining the granting of the $4750 allowance to the trustee's attorney, even though the trustee's total receipts amounted to $16,000. The reasons assigned by the Referee are persuasive.

It seems important to point out for the instruction of the attorney who makes the objection, and for others, that the language of the Act, Title 11 U.S.C.A. § 102, sub. c, which forbids the sharing of fees on the part of a trustee or an attorney for trustee "Provided, however, That an attorney-at-law may share such compensation with a law partner or with a forwarding attorney-at-law * * *" does not impose any duty upon the Court to calculate and allow any such allotment of fees as is here sought, because:

(a) The language is permissive only, and the appointment of a trustee's attorney is

416

not the subject of "forwarding" by any one according to the theory of the law.

(b) There is no "unwritten law" as the claimant testified before the Referee, concerning an alleged custom among lawyers calling for a payment of one-third of the ultimate fee by way of commission to the attorney first consulted. There is a written provision, however, in the Canons of Ethics of the New York State Bar Association (See 1930 edition) reading as follows: "34. *Division of Fees.*—No division of fees for legal services is proper, except with another lawyer, *based upon a division of service or responsibility*. (Italics supplied.) But the established custom of sharing commissions at a commonly accepted rate, upon collections of commercial claims between forwarder and receiver, though one be a lawyer and the other not (being a compensation for valuable services rendered by each) is not condemned hereby, where it is not prohibited by statute."

■ Since the services of the trustee's attorney manifestly did not fall within the proviso, and it is clear that the objecting attorney has not attempted to show that he rendered any service or assumed any responsibility for the professional labors of the attorney for the trustee, it is evident that the self-imposed professional restraint above quoted is destructive of the fee-participation now being attempted.

These Canons are expressly recognized as applicable to questions of professional conduct by Rule 3 of the Rules of this Court, which means that adherence thereto is exacted of attorneys practicing at this bar.

This understanding of the restricted place that the forwarding fee has in the practice of the law is necessary to an understanding of the quoted section of the Bankruptcy Act, which of itself created no new rights.

Even in a changing world, a client's cause has not become a mercantile commodity concerning which commissions, brokerage and other incidents familiar to the handling of commercial transactions have any place.

(c) In addition to the foregoing, it must be entirely clear that the Referee could make an allowance to the attorney for the trustee only on the basis of the value of his services to the estate in bankruptcy. The objecting attorney does not claim anything in that behalf, but asserts that which at most could be a claimed cause of action for breach of contract between Palmer and himself.

■ If he thinks he can establish that, his remedy does not lie in an attack upon the Report now under consideration, for reasons which ought to be obvious.

Judge Kennedy has been kind enough to read what has been written, and authorizes the statement that he agrees with it, and that he does not deem it to be in conflict with his observation in Application of Pinetree Associates, Inc., D.C., 77 F.Supp. 270, at page 271, top of second column, in which no such contention was made, as is here discussed.

The Referee's report and supplemental report are confirmed, and the payment of the allowances specified in the former, under date of December 16, 1949, are hereby authorized.

Submit order.