McHenry *v*. Littleton.

5-3109                                              374 S. W. 2d 171

Opinion delivered January 13, 1964.

*G. E. Snuggs,* for appellant.

*Spencer & Spencer,* for appellee.

GEORGE ROSE SMITH, J. This is a suit by the appellant to foreclose a mortgage upon forty acres owned by the appellees, husband and wife. The mortgage was executed in 1948 to secure a $300 note, plus future advances. There were a number of such advances and a number of payments upon the debt between the date of the mortgage and the filing of this suit in 1961. There were, however, no payments whatever during a period of more than five years, from October 22, 1954, to January 22, 1960. The chancellor held that as a result of this intermission the five-year statute had barred all the account except one note, for $295, executed less than five years before the 1960 part payment. Among other arguments for reversal the appellant insists that there was a written acknowledgment of the debt in 1960.

Before reaching this main issue we must consider the appellees' contention that the $200 payment that was made on October 22, 1954, was in fact a payment in full of the entire debt with the exception of the one subsequent note that the chancellor found to be enforceable. On this point both the appellees testified that in 1954 they thought their debt amounted to only $200, so that their payment in that sum satisfied their liability in full.

This testimony was not accepted by the chancellor and is against the decided weight of the evidence. McHenry, the lender, kept carbon copies of his typewritten letters to Littleton; their authenticity is not open to question. These letters convince us that the Littletons could not have believed their debt to be only $200 in 1954. In May of 1953 McHenry had written Littleton that the account stood at $587.64 plus interest. Later that month there was an additional advance of $200. In September of 1954, less than a month before the $200 payment, McHenry wrote Littleton and referred to the debt as being $787.64 plus interest. Moreover, in 1957, long after the

$200 payment, McHenry wrote that the "additional loan" made in January of 1956 (the $295 note upheld by the chancellor) had increased his investment beyond the value of the forty acres. Finally, in 1960, when, according to the Littletons, only the $295 note was outstanding, Littleton's wife wrote for him a letter offering to pay $500.00 on my account immediately if you will accept it. I cannot pay it all now." In view of this unimpeached written evidence we find it impossible to believe that the Littletons had any reason to think that the $200 payment in 1954 would be accepted as a full satisfaction.

On the main issue we find that the debt, even though barred, was revived by written acknowledgment. On January 13, 1960, McHenry, apparently realizing that the validity of the account was in jeopardy, wrote a letter to Littleton in which he said: "This is notice to you to get in touch with me right soon so that we can make some arrangements about your debt on you[r] property. It will be necessary that we at least make a new mortgage and make some small payment at least on your mortgage debt."

In response to this letter the Littletons sent McHenry a $25 money order on January 22, 1960. In the accompanying letter the Littletons (the wife writing for her husband) said: "Please find enclosed p.o.m.o. for $25.00 on my account. I am hoping to be able to pay the account in full in the near future. I thought when I talked with [you] last that I would soon be able to pay you every penny on my account at once, but have been disappointed." Again, in September of 1960 Littleton, as we have already said, offered by letter to pay $500 on the account and added: "I cannot pay it all now."

Under our holding in *Morris* v. *Carr,* 77 Ark. 228, 91 S. W. 187, these letters were sufficient acknowledgments to revive the debt. In the *Morris* case the debtor, in reply to an inquiry by the creditor, merely stated that "I will use the money another year." In finding that this letter constituted an acknowledgment of the debt we pointed out that such an acknowledgment need not affirmatively express an intention to pay the debt. It is

enough if the debtor unequivocally recognizes the indebtedness as a subsisting obligation and makes no statement repelling the presumption that he intends to pay. In the case at bar the Littletons' letters fall well within the principles announced in the *Morris* case and thus had the effect of reviving the debtors' liability.

The appellees insist, however, that under the rule stated in *Opp* v. *Wack,* 52 Ark. 288, 12 S. W. 565, 5 L.R.A. 743, where there are two or more obligations due to the creditor the written acknowledgment must identify the one or ones to which the promise to pay attaches. The answer is that, although McHenry held several of the Littleton notes, the parties always regarded the indebtedness as a single account, secured by a single mortgage. It was frequently so referred to in their correspondence. Hence when Littleton recognized his obligation to pay ''every penny on my account'' he must be taken to have meant the account as a whole.

Reversed and remanded.