Millard WRIGHT *v.* Billy Don WRIGHT et ux

82-274                                    648 S.W.2d 473

Supreme Court of Arkansas
Opinion delivered April 4, 1983

*Wayland A. Parker,* for appellant.

*Gean, Gean & Gean,* by: *Lawrence W. Fitting,* for appellees.

RICHARD B. ADKISSON, Chief Justice. In 1972 appellees, Billy Don and Dorothy Wright, agreed to purchase approximately 173 acres of land in Crawford County from Dr. M. J. Graham for $100,000 with $20,000 down and the remainder to be paid in installments. On August 20, 1975,

appellant, Millard Wright (Billy Don's father), handed over a $10,000 check to appellees. The check was made to the order of Dr. M. J. Graham "For Payment on land." Billy Don Wright signed his name just below his father's signature and handed the check over to Dr. Graham.

Apparently, sometime between 1975 and 1979 appellant demanded that appellees repay the $10,000 because on October 4, 1979, appellees wrote appellant a letter:

October 4, 1979

Mr. Millard Wright.

Concerning the 10,000. We can't get it from Mr. M. J. Graham because he is 6 ft. under the ground.

You have a monthly income if you can't live on it then we think you should go to a rest home and live. They will take care of you for the income you receive.

/s/ Billy Don Wright
/s/ Dorothy Wright

On April 30, 1981, appellant filed this lawsuit to collect the money. Appellees defended, contending that the money was either a gift or that the cause of action was barred by the three year statute of limitations for oral contracts. At trial, appellant testified that the money was a loan and that his son asked him to loan him the $10,000 because he was "in a tight." Appellant further testified that the land was to stand good for the $10,000 and that his son was to pay it back whenever he needed money.

The chancellor held that Ark. Stat. Ann. § 37-206 (Repl. 1962) barred the action. This statute provides:

The following actions shall be commenced within three (3) years after the passage of this act, or, when the cause of action shall not have accrued at the taking effect of this act, within three (3) years after the cause of action shall accrue: First, all actions (of debt) founded

upon any contract, obligation, or liability, (not under seal [and not in writing]), . . .

Appellant contends that this statute is inapplicable to this case because the debt, although initially barred by the statute of limitations, was revived by the October 4 letter. In *McHenry* v. *Littleton*, 237 Ark. 483, 374 S.W.2d 171 (1964) we held that a debt otherwise barred by the statute of limitations could be revived by a letter in which the debtor unequivocally recognizes the indebtedness as a subsisting obligation and makes no statement repelling the presumption that he intends to pay. Here, however, appellees' October 4 letter does not recognize the indebtedness as a subsisting obligation and, therefore, falls short of providing a revival by acknowledgment as contemplated by *McHenry, supra*.

Appellant argues that the fraud of appellees tolled the statute of limitations and also alleges that a constructive trust should be imposed upon the land in his favor. However, appellant failed to plead or prove fraud. Nor was there sufficient evidence to satisfy the degree of proof required to establish a constructive trust. The rule is that constructive trusts must be established by clear and convincing evidence — something more than a preponderance. *Neill* v. *Neill*, 221 Ark. 893, 257 S.W.2d 26 (1953). We cannot state that the chancellor was clearly erroneous in her findings.

Affirmed.